## COMMONWEALTH *vs.* PATRICK MAGUIRE.

If goods belonging to several persons jointly are stolen from the custody of one of them in whose possession they have been placed for sale, an indictment for receiving the goods, knowing them to be stolen, may lay the property in him alone.

At the trial of an indictment for receiving stolen goods, it appeared that the goods were found in a cellar to which the defendant and another person had equal access, and there was other evidence that the defendant received the goods knowing them to be stolen. The judge instructed the jury that the question of how much weight should be given to the fact that the goods were found in the cellar was for them to determine in connection with the rest of the evidence in the case; and if, upon all the evidence, they were satisfied, beyond a reasonable doubt, that the defendant received the goods knowing them to have been stolen, they would find him guilty, otherwise not. *Held*, that the defendant had no ground of exception.

INDICTMENT for receiving forty-eight dozen calf skins, of the property of Peter Page, knowing them to have been stolen.

At the trial in the superior court for Norfolk, before *Rockwell*, J., it appeared that the skins were the joint property of Peter Page, John Pearl and Jonas Jeffers ; and that they were sent to Page to be sold by him, if possible, and were in his exclusive possession for that purpose at the time of the larceny. The defendant requested the judge to rule that this evidence did not sustain the averment in the indictment that the skins were the property of Page ; but he refused so to rule, and ruled that there was no variance.

It further appeared that the defendant was a common laborer, and his son was a bootmaker ; that two dozen of the stolen skins were found buried under a coal bin in the defendant's cellar ; and that the defendant's son had access to and used the cellar. There was other evidence tending to show that the defendant received

the skins and aided in their concealment, knowing them to be stolen. The Commonwealth expressly disclaimed contending that the finding of the skins under these circumstances raised any presumption of law against the defendant.

The defendant requested the judge to instruct the jury "that possession of the property stolen, to raise a reasonable presumption against the defendant, must be unexplained, and be under the defendant's exclusive control; and that, by the evidence of joint occupation by another with the defendant, of the place of possession, uncontradicted and uncontrolled, a reasonable doubt would be thrown upon the *primâ facie* case of the possession, and the defendant could not be said to be proved guilty beyond a reasonable doubt." But the judge declined to instruct the jury in that form, inasmuch as the Commonwealth had not contended that the facts, as shown, raised any presumption of law against the defendant upon this branch of the case; and did instruct them "that the question of how much weight should be given to the fact that these skins were found buried in the defendant's cellar was for them to determine in connection with the rest of the evidence in the case; and that if, upon all the evidence, they were satisfied, beyond a reasonable doubt, that the defendant bought, received, or aided in the concealment of these skins, knowing them to have been stolen, then they would find him guilty, otherwise not." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. E. Jewell*, for the defendant.

*C. Allen*, Attorney General, (*J. C. Davis*, Assistant Attorney General, with him,) for the Commonwealth.

WELLS, J. The possession of Page was sufficient, under the Gen. Sts. c. 172, § 12, to sustain an allegation of property in him, in a prosecution for the principal offence of larceny. The accessory offence of receiving the stolen goods may be maintained by the same allegation and proof of property as will maintain a prosecution for the principal offence. *Commonwealth* v. *Finn*, ante, 466.

The goods were found in the defendant's house, concealed under his coal bin. The fact that his son occupied a part of the

house from which this place was accessible, and that he was engaged in business for which the stolen goods were adapted, while the father was not, would raise a reasonable doubt of the defendant's guilt, if possession alone were relied on to establish it. The instructions asked for by the defendant are applicable only to such a condition of the evidence. But the case finds that there was other evidence tending to show the defendant's knowledge of and participation in the concealment of the goods where they were found. And it was in connection with such other evidence that the jury were instructed that it was for them to determine "how much weight should be given to the fact that these skins were found buried in the defendant's cellar." The jury were directed to acquit unless, "upon all the evidence in the case, they were satisfied beyond a reasonable doubt that the defendant bought, received, or aided in the concealment of these skins, knowing them to have been stolen." The defendant has no good ground to complain of these instructions.

*Exceptions overruled.*