## UNITED STATES v. BELFAST FABRICS CORPORATION et al.

District Court, S. D. New York.

March 8, 1946.

John F. X. McGohey, U. S. Atty., of New York City (Silvio J. Mollo, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Joseph Leary Delaney, of New York City, for defendants Belfast Fabrics Corporation, Samuel Paris and Ben Rabinowitz.

HULBERT, District Judge.

Defendants Belfast Fabrics Corporation, Samuel Paris and Ben Rabinowitz enter a special plea in bar to count thirty-eight of the information on the ground that such count is barred by the statute of limitations.

Count 38 of the information, filed herein on Nov. 20, 1945, charges the above named defendants, in addition to other defendants who are not joined in this plea in bar, with failing to keep records as required by Maximum Price Regulation No. 127 and amendments thereto, duly issued by the Price Administrator. It is alleged that during the period beginning on or about the 4th day of May, 1942, and continuing thereafter up to and including the date of the filing of this information, the defendants failed to keep such records.

The defendants take the position that part of such period alleged in the information, namely, May 4, 1942 to Nov. 20, 1942, being more than three years before the filing of the information, alleges a time outlawed by the statute of limitations, 18 U.S.C.A. § 582.

It is noted that the information alleges an offense beginning in May, 1942, and "continuing thereafter up to and including the date of the filing of this information." The defendants are charged on the face of the information with a continuing offense and the count in issue must stand.

In United States v. Guertler, 2 Cir., 147 F.2d 796, the defendant was charged with having failed to keep his Local Draft Board informed at all times between March 19, 1941, and October 6, 1942, of the address where mail could reach him. The indictment in that case was filed Sept. 26, 1944. The defendant contended that the offense, if any, was committed more than three years prior to the filing of the indictment and was therefore barred by the statute of limitations. The Circuit Court of Appeals for this Circuit held that the defendant was under a continuing duty to keep his Local Board informed of an address where mail could reach him. He had not done so within the period stated in the indictment. The Court held further that such period did not end until a good deal less than three years prior to the filing of the indictment.

It will, of course, be the burden of the Government to prove at the trial that the offense in count 38 was a continuing one. All that this court here decides is that the offense charged in the information in count 38 may have a continuance in time, and that said count on its face is sufficient in law to stand.

It should be stated that the disposition made is without prejudice to the defendants to urge at the trial, proof that the offense, if any, had ended more than three years prior to the filing of the information herein and without prejudice to the making of any motion before the trial judge, at the appropriate time, based on the statute of limitations which upon the evidence the trial judge will be better able to decide. Submit order.