COMMONWEALTH *vs.* CAPITOL THEATRE, INC.

Essex.   October 3, 1949. — December 29, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Municipal Corporations*, By-laws and ordinances. *Way*, Public: sign. *Lawrence*.

Maintenance of a sign originally erected without a permit over a public way in Lawrence was a violation of an ordinance of that city which, among other things, provided that no sign should be "erected" over a public way until a permit had been granted therefor and imposed a penalty "for each day during which" a sign "is placed or maintained contrary to" the ordinance after notice to remove it "has been given by the city council or by any police officer."

COMPLAINT, received and sworn to in the District Court of Lawrence on August 9, 1948.

Upon appeal to the Superior Court, the case was heard by *Kirk*, J., without a jury.

*H. C. Thompson,* for the defendant, submitted a brief.

*H. R. Mayo, Jr.,* Assistant District Attorney, for the Commonwealth.

COUNIHAN, J. This complaint was brought in the District Court of Lawrence. In substance it alleges that the defendant placed or maintained or permitted to be placed or maintained a sign or advertising device over Jackson Street, a public highway in the city of Lawrence, contrary to §§ 1 and 9 of an ordinance of the city of Lawrence enacted on April 28, 1921, by virtue of G. L. (Ter. Ed.) c. 85, § 8, and in effect on the date of this complaint.

The pertinent sections of this ordinance are as follows: "Section 1. No sign, advertising device, clock marquees, permanent awning, or other like structure projecting into, or placed on or over any public way shall hereafter be erected until a permit has been granted by the city council. . . . Section 9. Any breach of the foregoing rules and regulations shall be punished by a fine of five dollars ($5.00) for each day during which any such structure is placed or maintained contrary to those rules and regulations after five days' notice to remove the same has been given by the city council or by any police officer."

At a trial without jury in the Superior Court there was evidence that the sign was originally erected by one Campopiano in 1928 and maintained by him until 1936, from which time it had been maintained continuously by the defendant to the date of the complaint; that no permit was ever issued by the licensing authorities of the city of Lawrence for either the erection or the maintenance of the sign; and that the defendant was given due and proper notice of the violation of the ordinance.

At the close of the evidence the defendant filed a motion that a "verdict" of not guilty be rendered, which was denied, and filed the following requests for rulings: "1. That the ordinance of the city of Lawrence on which this criminal action is based prohibits the erection only of the signs described in the ordinance. 2. That the erection having been made in May, 1928, no prosecution can now

be maintained by reason of the statute of limitations applying to criminal violations. 3. That the ordinance relied on does not include the maintenance of the sign by the defendant." We treat the motion that a "verdict" of not guilty be rendered as a request for a ruling that upon all the evidence a finding of guilty could not be made by the judge. *Commonwealth* v. *Carter*, 306 Mass. 141, 143. *Commonwealth* v. *Slome*, 321 Mass. 713, 714.

The judge found the defendant guilty and imposed a fine. The case comes here on the defendant's exceptions to the denial of its requested rulings and the motion above described.

We think that the complaint sets forth an offence of which the defendant could be found guilty on the evidence before the court. It did maintain a sign the erection of which was contrary to § 1 of the ordinance. A sign which was erected without a permit remains a continuing violation of the ordinance and its maintenance is punishable under § 9. No cases were brought to our attention and we have been unable to find any case directly in point. The closest case seems to be *Fuller* v. *Andrew*, 230 Mass. 139, 146, 147, in which Rugg, C.J., said in substance that the maintenance of a wharf erected without a license in violation of R. L. c. 96, § 17, was a violation of the terms of the statute, even though the statute did not use the term maintenance, and that action against an owner was justified even though there was no direct knowledge on her part that the wharf had been erected by another without a license. It is true that *Fuller* v. *Andrew* was a civil action and that by the terms of § 25 of the same statute a wharf erected without a license would constitute a public nuisance. We think that case presents a situation analogous to the present case, however.

The motion for a "verdict" of not guilty and the requests for rulings were properly denied.

*Exceptions overruled.*