COMMONWEALTH *vs.* JOHN P. MATHESON
(and three companion cases against the same defendant).

Suffolk. January 7, 1952. — February 4, 1952.

Present: LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Receiving Stolen Goods.*

"Concealment of stolen . . . property" within the meaning of G. L. (Ter. Ed.) c. 266, § 60, is established if the property is withheld from the owner and it is made more difficult for him to discover it.

One may be convicted of the crime of aiding in the concealment of stolen goods, knowing them to have been stolen, whether he acts for himself or as an agent for another.

Evidence warranted a finding that a defendant, who lived with two com-
panions in an apartment during all of a period when goods were stolen
and placed in plain sight in the apartment, and who with one of his
companions was arrested outside the apartment building getting into
an automobile in which some of the stolen goods were found, was
guilty of aiding in the concealment of the stolen goods, knowing them
to have been stolen, in violation of G. L. (Ter. Ed.) c. 266, § 60.

FOUR INDICTMENTS, found and returned on November 17,
1950.

The cases were tried in the Superior Court before *Hurley*, J.

*T. E. Dwyer*, (*W. G. Hollingsworth* with him,) for the
defendant.

*G. E. McGunigle*, Assistant District Attorney, for the
Commonwealth.

RONAN, J.  The defendant was convicted upon four in-
dictments charging him, one Aronian, and one Beliawsky
with buying, receiving, and aiding in the concealment of
certain stolen goods, knowing them to have been stolen.
The defendant excepted to the denial of a motion to direct
a verdict of not guilty.

The defendant conceded at the trial that all of the articles
enumerated in these indictments had been stolen from sev-
eral dwellings in Boston between October 13, 1950, and
October 23, 1950.  These articles included watches, rings,
bracelets, necklaces, sets of cuff links, costume jewelry, a
large quantity of wearing apparel, mostly women's, two
suitcases, and various other goods.

Police officers, searching for three men and an automobile
registered in the name of Aronian, saw the automobile on
October 25, 1950, stopped in front of 416 Tremont Street,
Boston.  Aronian and the defendant were getting into the
vehicle.  Both were arrested.  In the rear of the automobile
was a suitcase containing costume jewelry and a woman's
coat, and in the glove compartment were a screw driver and
a flashlight.  All these articles had been stolen.  Seven
strips of celluloid, adaptable to forcing a lock, were also
found in this glove compartment.  The officers then searched
a three room apartment at 416 Tremont Street.  Beliawsky
was there alone.  Nearly all of the stolen articles first men-

tioned were in plain sight. In the dining room where the defendant slept was a ring of locksmith's keys. Besides, there were radios, watches, a steamer trunk, a new fur coat, various articles of clothing, cigarette lighters, a desk set, and costume jewelry, all of which had been stolen. In an adjoining closet was a firearm. A German Luger gun was found in the bedroom.

The defendant had been living in this apartment during the entire period that various dwellings had been burglarized and these stolen articles acquired and placed in the apartment. He and his companions told the officers that they did not know anything about any of the stolen articles. None of them offered any explanation as to how the goods which were in plain view happened to be there. The jury could find that the defendant knew that the goods had been stolen. *Commonwealth* v. *Kronick,* 196 Mass. 286. *Commonwealth* v. *Peopcik,* 251 Mass. 369. *Commonwealth* v. *Boris,* 317 Mass. 309.

There was evidence that the defendant was out of work, that he had been living in this apartment for two or three weeks, that Aronian permitted him to stay there, and that he knew Beliawsky whom he had previously met at the Concord reformatory. The defendant and his two companions were in joint occupancy of the apartment which was used not only for their living quarters but also for the reception and concealment of stolen property. The jury were not required to believe that the defendant stood in no other relation to Aronian or to the apartment than as a guest of Aronian. The business of trafficking in stolen goods was being actively and openly conducted upon the premises, and whether that was conducted by all the occupants jointly as a common enterprise or whether two of them acted under the leadership of Aronian was immaterial if the defendant aided or assisted Aronian in either the receipt or the concealment of the booty. The Commonwealth was not required to prove that the property was hidden in the sense that it was kept out of sight, but it was enough if it was proved that the property was withheld

from the owner and it was made more difficult for him to discover his property. *Commonwealth* v. *Kuperstein,* 207 Mass. 25. *State* v. *Ward,* 49 Conn. 429. *State* v. *Weiner,* 84 Conn. 411, 419. *State* v. *Goli,* 27 Del. 545. *State* v. *Conklin,* 153 Iowa, 216. *Wertheimer* v. *State,* 201 Ind. 572. *People* v. *Harris,* 93 Mich. 617. *People* v. *Figara,* 218 App. Div. (N. Y.) 638.

The defendant was charged with the violation of a statute, G. L. (Ter. Ed.) c. 266, § 60, which described a single offence, *Commonwealth* v. *Barry,* 116 Mass. 1, which could be committed in any of the various ways mentioned in the statute, and he could be convicted if, knowing the goods had been stolen, he bought or received them or aided in their concealment acting either for himself or as an agent for another. *Commonwealth* v. *Kronick,* 196 Mass. 286. The jury could find that at the time of his arrest the defendant was aiding Aronian in the disposition of some of the stolen goods. Such an act not only constituted a further concealment of the goods but was carrying out an essential part of the illegal business for which the apartment was used. A jury, considering all these circumstances together with the legitimate inferences of which they were susceptible, could find that the defendant aided in the concealment of stolen goods knowing them to have been stolen. *Commonwealth* v. *Mason,* 105 Mass. 163, 167. *Commonwealth* v. *Maguire,* 108 Mass. 469, 470–471. *Commonwealth* v. *McGorty,* 114 Mass. 299, 302–303. *Commonwealth* v. *Bean,* 117 Mass. 141. *Commonwealth* v. *Billings,* 167 Mass. 283. *Commonwealth* v. *Feci,* 235 Mass. 562, 567–568.

*Exceptions overruled.*