## UNITED STATES v. MENDOZA.

### No. 34068.

United States District Court
. N. D. California, S. D.

June 23, 1954.

John H. Riordan, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

William H. McInerney, Oakland, Cal., for defendant.

ROCHE, Chief Judge.

Defendant is charged with violation of Title 18, U.S.C. § 641, more particularly, he is charged with retaining property which he knew to be stolen from the United States. The indictment charges that the unlawful act was committed on or about the 22nd day of March, 1954.

The question for determination is whether this crime is a continuing offense. The record discloses that defendant did not begin to retain the property until some time after December, 1950. There is no evidence in the record showing that the retention of any of the property began in the period between May 5, 1951, and May 5, 1954, the latter date being the date that the indictment was filed. The statute of limitations, Title 18 U.S.C. § 3282, provides for a three-year period within which the indictment may be instituted after the offense has been committed. The government contends that in order for the defendant to prevail in his contention that the indictment is barred by the statute of limitations, he must establish in essence that he did not possess and retain United States property within three years last past since the date of filing of the indictment. In support of its contention the government cites several cases.

Two of the cases cited, United States v. Franklin, 7 Cir., 188 F.2d 182; United States v. Belfast Fabrics Corp., D.C., 65 F.Supp. 567, are illustrative of continuing offenses because there was a continuing duty in the defendant to do some act, i. e., register under the Alien Registration Act; keep records as required by the maximum price regulations. In the instant case the defendant had no such continuing duty to do an act.

In the other case cited, Land v. United States, 4 Cir., 177 F.2d 346, 348, the court does state that concealing liquor fraudulently is a continuing offense, however the court goes on to say, " 'Ordinarily, proof of any day before

the finding of the indictment, and within the statute of limitations will be sufficient.' " There has been no showing in the instant case that the date of original retention was within the statute of limitations. Further, the case cited by the court for the proposition that concealing liquor fraudulently is a continuing offense, Marron v. United States, 9 Cir., 8 F.2d 251, 254, is one which arose during the prohibition era, a time when possession of liquor, in itself, was a crime, and no criminal intent had to be shown. In the instant case criminal intent is an element of the crime, and therefore the statute of limitations should commence to run from the time that defendant first retained the property with the necessary intent.

In a case cited by plaintiff, U. S. v. Irvine, 1878, 98 U.S. 450, 25 L.Ed. 193, the court in essence states that whenever the act or acts necessary to constitute a criminal withholding of the property have transpired, the crime is complete, and from that day the statute of limitations begins to run against the prosecution. This case has been the cornerstone for similar bankruptcy cases interpreting the word "conceal" as not to be a continuing offense. Warren v. United States, 5 Cir., 199 F. 753, 43 L.R.A.,N.S., 278; United States v. Trotter, D.C., 8 F.Supp. 275. Concealment of assets in bankruptcy, however, is now made a continuing offense by Title 18, U.S.C. § 3284. No such enactment makes retaining property a continuing offense, nor is there any case that so interprets it. Further, the policy of the law is that the statute of limitations should reasonably be construed in favor of the defendant. United States v. Satz, D.C., 109 F.Supp. 94.

In accordance with the above reasoning, and after duly considering the indictment, the evidence, and the record in this case,

It is ordered that Indictment No. 34068, charging defendant with violation of 18 U.S.C. § 641, be and hereby is dismissed.