## STATE EX REL. WILLIAM F. SARGENT v. RALPH H. TAHASH.

160 N. W. (2d) 139.

June 28, 1968—No. 40,980.

C. *Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

This is an appeal from an order discharging a writ of habeas corpus. At the time defendant petitioned for the writ, he was in custody of the state pursuant to a sentence on a prosecution for child abandonment. Minn. St. 1961, § 617.55. On October 16, 1963, he was arraigned on an information charging that on February 20, 1959, he abandoned and failed to care for and support a minor child for whom he had legal responsibility and that "the said William Sargent has ever since continued to so abandon and avoid his legal responsibility, for the care and support of said child."

At arraignment defendant was represented by counsel and entered a plea of guilty to the offense charged. In testifying to the details of the offense, defendant informed the court that he left his family in Warroad, Minnesota, in February 1959 with intent to abandon them and that he did not contribute to the support of his wife or children thereafter, even though he was employed most of the time during the intervening 4 years and 8 months. The trial court sentenced defendant to a term of 5 years' imprisonment but stayed the execution of the sentence and placed him on probation, one of the conditions being that "you pay the sum of $10.00 a month to the welfare board or the welfare agency of the

County of Roseau * * * to be applied as it may accumulate to any medical expense on the part of the children, * * *." On March 6, 1966, probation was revoked for failure to make the required payments, and defendant was committed. After serving about 9 months of his sentence, defendant was released and has been on parole since that time. During the time he was in custody, he petitioned for the writ of habeas corpus, which was discharged after hearing.

Defendant now contends that the trial court was without jurisdiction to impose the original sentence. It is asserted that the offense charged occurred more than 3 years before the filing of the information and was therefore barred by the statute of limitations, Minn. St. 628.26. It is also contended that the trial court erred at the time probation was revoked and the sentence was ordered executed by failure to make allowance for the time spent on probation. It is asserted that the failure of the court to make allowance for time spent on probation constitutes a denial of equal protection of the law under the Fourteenth Amendment of the Constitution of the United States.

■ We direct our attention to the first error assigned, that the trial court lacked jurisdiction over defendant and the crime charged. We think that the habeas court was correctly of the view that the information, dated October 16, 1963, charged the crime of child abandonment as a continuing offense from February 20, 1959, until the date of the information, and that defendant's obligation to support his children continued throughout the entire period. The crime of child abandonment or desertion is generally recognized as a continuing offense. The offense is committed not by any overt act but by omission or neglect, and the offense continues so long as the neglect continues without excuse. Ex parte Beeth, 142 Tex. Cr. 511, 154 S. W. (2d) 484. Cf. State v. Barton, 201 S. C. 225, 22 S. E. (2d) 585. In State v. Clark, 148 Minn. 389, 182 N. W. 452, we recognized that the crime of child abandonment or desertion is a continuing offense. In that case defendant contended that the trial court erred in instructing the jury that it was not necessary to find that the desertion had occurred on the specific date charged and that the offense charged was a continuing one. Holding that there was no error in this instruction, we said (148 Minn. 392, 182 N. W. 453):

"The precise time at which the offense was committed was not a material ingredient in the offense itself. * * * It was, therefore, unnecessary to state it exactly in the indictment, * * *. It is generally held that a father's unlawful failure to support his dependent children is a continuing offense. [Citations omitted.] We think the same principle is applicable to the abandonment of dependent children by their father and that the offense is continuing, at least until the defendant has once been convicted of it."

■ In considering the contention of defendant that the trial court, in vacating the stay and ordering execution of the sentence, erred in failing to make allowance for time spent on probation, and the further contention that such action deprived defendant of equal protection of the law under the Fourteenth Amendment, it is only necessary to observe that these issues were fully considered and disposed of by our decision in State ex rel. Ahern v. Young, 273 Minn. 240, 141 N. W. (2d) 15. We there held, under Minn. St. 609.14, subd. 3(2), that in a proceeding for revocation of stay of sentence and probation the court is authorized to either continue probation or to order execution of a sentence previously imposed. We pointed out that the legislature intended that upon revocation of stay of sentence and probation, the execution of the original sentence might be ordered with no credit given for time served on probation. We pointed out that although credit is given for time served on parole, persons on probation are in a substantially different class from parolees, so that failure to grant credit to a probationer for time served on probation does not deny him equal protection of the laws.

Affirmed.