## STATE v. PAULETTE JUDY JONES.

183 N. W. (2d) 282.

December 18, 1970—No. 42218.

*Douglas W. Thomson, John R. Wylde, Jr.,* and *Jack Nordby,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

MURPHY, JUSTICE.

Appeal from judgment of conviction on information charging Paulette Judy Jones with the crime of receiving and concealing stolen property of the value of $200 in violation of Minn. St. 609.53. The sole legal issue, as stated by defendant, is: "Where the uncontradicted direct and circumstantial evidence all tends to prove that a defendant took and carried away property, may that same defendant be found guilty of receiving and concealing that same property?"

The facts may be briefly stated. While defendant and two

other suspected shoplifters moved about the premises of retail stores located in the Southtown shopping area of Bloomington on the evening of April 14, 1969, their suspicious actions were observed by various clerks. As they left the parking lot, law-enforcement officers were notified of their activities. A prompt investigation led to the apprehension of defendant, who was at the time the sole occupant of an automobile leaving the area. The officer who stopped her automobile observed numerous articles of clothing in the back seat covered by a trench coat. Investigation disclosed that, among other things, she had possession of four men's and five women's suits, the price tags of which were found in the glove compartment of her automobile. The articles of clothing were identified as having been stolen from stores in the shopping center. At trial, defendant rested without a defense.

Defendant argues that, while she may well have been guilty of theft of the articles of clothing found in her automobile, the conviction of the offense of receiving and concealing stolen property, as defined by Minn. St. 609.53; 609.52, subd. 3; and 609.05, was not supported by the evidence. This claim may be answered by our recent decision in State v. Radil, 288 Minn. 279, 179 N. W. (2d) 602, where we approved the trial court's instruction that the elements of the offense of receiving or concealing stolen property are: (1) The defendant received or concealed the property specified in the information; (2) the property had been stolen; and (3) the defendant knew the property had been stolen but, nevertheless, intentionally received or concealed it. The prosecution was not required to establish, as an element of the offense charged, that defendant did not steal the property in question. People v. Taylor, 2 Cal. App. (3d) 979, 83 Cal. Rptr. 119; People v. Williams, 253 Cal. App. (2d) 952, 61 Cal. Rptr. 238. Although the offense of theft might have been charged and proved by the prosecution, there was no obligation on the part of the county attorney to prosecute that charge. He had a right to choose to prosecute on a charge which he felt was supported by available evidence and which carried a penalty commensurate

with the culpable acts involved. We are satisfied that the evidence, both direct and circumstantial, fully supports the verdict of conviction for the offense charged.

Affirmed.