STATE v. CHARLES TIMOTHY BISHIR.

192 N. W. (2d) 815.

December 3, 1971—No. 42389.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

RONALD E. HACHEY, JUSTICE.*

This is an appeal from a judgment of conviction of receiving and concealing stolen property in violation of Minn. St. 609.53 and 609.05.

The facts may be briefly stated. Defendant, together with a male and female, one Paulette Judy Jones, who were suspected shoplifters, moved about the premises of retail stores located in the Southtown shopping area of Bloomington on the evening of April 14, 1969, and their suspicious actions were observed by various clerks. After they left one of the stores, law-enforcement

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

officers were notified of the activities of the three suspects. A prompt investigation led to the apprehension of Miss Jones, who was at the time the sole occupant of an automobile leaving the area. The officer who stopped her automobile observed a bundle of clothing in the back seat. Investigation disclosed that, among other things, she had possession of four men's and five women's suits, the price tags of four suits being found in the glove compartment of her automobile. The articles of clothing were identified as having been stolen from stores in the shopping area. A few moments after Miss Jones was arrested, defendant was apprehended. Defendant testified at the trial and was the only witness for the defense. The jury rejected defendant's version of what had happened and promptly returned a verdict of guilty.

The matter is here to determine whether the evidence is sufficient to sustain a conviction for receiving and concealing stolen property and whether the trial court erred in failing to direct a verdict of acquittal.

The guiding principles with respect to what constitutes the essential elements of receiving or concealing stolen property are set forth in our recent decision of State v. Radil, 288 Minn. 279, 179 N. W. 2d 602 (1970), certiorari denied, 401 U. S. 921, 91 S. Ct. 910, 27 L. ed. 2d 825 (1971). Defendant here was convicted as an accomplice. As to what constitutes possession, see State v. Radil, *supra;* State v. Bagley, 286 Minn. 180, 187, 175 N. W. 2d 448, 453 (1970) ; and United States v. Bridges, 419 F. 2d 963, 968 (8 Cir. 1969). We see no reason to reiterate those principles here.

Though the stolen clothing was found in the automobile of Paulette Judy Jones, who was the sole occupant at the time of her apprehension, defendant was apprehended at about the same time in the same area. Witness after witness testified as to seeing the trio in various stores together. It is clear that Miss Jones was aided by defendant in the secreting of the stolen goods in the automobile. The evidence amply supports a conviction of the defendant as an accomplice.

The issues raised here were decided when we affirmed the conviction of Paulette Judy Jones, State v. Jones, 289 Minn. 22, 183 N. W. 2d 282 (1970), and this appeal amounts to a rerun of that appeal.

Affirmed.