## STATE v. STEPHEN DANIEL CARTER.

196 N. W. 2d 607.

April 14, 1972—No. 42877.

*C. Paul Jones,* State Public Defender, and *Kenneth F. Kirwin* and *Mollie Raskind,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

TODD, JUSTICE.

Appeal from a conviction of receiving and concealing stolen property contrary to Minn. St. 609.53.

Defendant contends that the state has failed to prove certain elements of the offense and that the admission of the testimony of a witness whose identity had not been revealed to defendant prior to voir dire constitutes reversible error. We affirm.

At about 2 a. m. on February 7, 1970, Sergeant John Jensen, a Minneapolis policeman, observed defendant pushing a motorcycle through an icy, rutted alley between Columbus and Chicago Avenues and 36th and 37th Streets. When defendant noticed Sergeant Jensen's surveillance, Jensen pretended to leave. Defendant then abandoned the motorcycle, and, as he continued down the alley, he was arrested by Officer Douglas Smith and Detective Lundberg who had been approaching from the opposite direction. Defendant was breathing heavily and sweating profusely. He denied any knowledge of the motorcycle.

In the fall of 1969, Cheryl Ratfield, the owner of the motorcycle, had stored it in the garage of James Martinson. After Martinson moved, it was transferred by the new occupant, Michael Szpak, to the garage of Reverend Stephen Price. Miss Ratfield, Martinson, Szpak, and Reverend Price all testified that they had not given anyone permission to use the motorcycle. At all times pertinent to the present case, the motorcycle was inoperative due to a broken chain.

The elements of the offense of receiving or concealing stolen property are: (1) The defendant received or concealed the property specified in the information; (2) the property had been stolen; and (3) the defendant knew the property had been stolen,

but, nevertheless, intentionally received or concealed it. State v. Jones, 289 Minn. 22, 23, 183 N. W. 2d 282, 283 (1970); State v. Radil, 288 Minn. 279, 179 N. W. 2d 602 (1970), certiorari denied, 401 U. S. 921, 91 S. Ct. 910, 27 L. ed. 2d 825 (1971).

1. To satisfy the first element, defendant contends that the state is required to prove that defendant either received the stolen property from another person, or that he actually secreted or concealed the goods. This contention is without merit. If it is affirmatively established that the defendant is the thief, he may not be convicted of receiving stolen goods. People v. Williams, 253 Cal. App. 2d 952, 958, 61 Cal. Rptr. 238, 242 (1967). This, however, is not to say that the state must affirmatively prove that the defendant himself is not the thief. People v. Taylor, 2 Cal. App. 3d 979, 984, 83 Cal. Rptr. 119, 121 (1969). The reasoning of these California cases was specifically adopted in State v. Jones, *supra.*

2. We also cannot accept defendant's interpretation of the word "conceal." Concealment does not necessarily refer to a hiding or secreting, but can include any act or conduct which "assists the thief in converting the property to his own use, or which may prevent or render more difficult its discovery by the owner." 45 Am. Jur., Receiving Stolen Property, § 3. Accord, State v. Crum, 255 La. 60, 229 So. 2d 700 (1969); Commonwealth v. Matheson, 328 Mass. 371, 103 N. E. 2d 714 (1952); Barker v. State, 109 Tex. Cr. 67, 2 S. W. 2d 851 (1927).

3. Although there was a showing that the motorcycle was stolen, defendant contends that the state failed to show that he was aware of this. We have long recognized that intent cannot always be shown by direct proof. In State v. Gordon, 105 Minn. 217, 220, 117 N. W. 483, 484 (1908), we said:

"Guilty knowledge on the part of the defendant was not directly proved. In the nature of things, that is ordinarily impossible; nor is it necessary. The circumstances accompanying the transaction may justify the inference by the jury that the prisoner

believed, and had received the goods on belief, that they were stolen."

In State v. Boykin, 285 Minn. 276, 279, 172 N. W. 2d 754, 757 (1969), we reiterated this position:

"Defendant's lack of a satisfactory explanation for his possession of the stolen property is evidence that he knew it was stolen. This alone is enough evidence to take the issue to the jury."

In the present case defendant was observed at 2 a. m. pushing an inoperative motorcycle down an icy, rutted alley in the middle of a Minnesota winter. He not only offered no explanation for his possession of the motorcycle but disclaimed any knowledge of it. A jury could easily infer knowledge from these facts.

4. Prior to the commencement of the trial, the state had provided defendant with a list of prospective witnesses. Although Reverend Price's name was not on this list, it became apparent during the course of the trial that his testimony would be required. Defendant contends that the admission of this testimony constituted reversible error.

Under our present law, where the proceeding is initiated by information, it is within the discretion of the trial court to determine whether the state should be required to provide the defendant with the names of persons it intends to call as witnesses. State v. Keiser, 274 Minn. 265, 271, 143 N. W. 2d 75, 79 (1966); State v. Poelaert, 200 Minn. 30, 37, 273 N. W. 641, 645 (1937). See, also, State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 241, 126 N. W. 2d 646, 650 (1964); State ex rel. Hansen v. Utecht, 230 Minn. 579, 580, 40 N. W. 2d 441, 442 (1950); State v. Workman, 157 Minn. 168, 169, 195 N. W. 776 (1923). In the Keiser case, we observed (274 Minn. 271, 143 N. W. 2d 80):

"* * * [I]n some cases it might be important for the defendant to know whether some designated person was to be a witness in the case, in which circumstance the trial court should exercise its discretion in determining whether the state should divulge the names of prospective witnesses.

"A motion for that purpose should be addressed to the discretion of the court."

No motion was necessary in this case since the prosecution, prior to trial, voluntarily furnished a list of all persons it contemplated calling as witnesses. The failure to include the name of Reverend Price was not a deliberate attempt to mislead the defendant, but rather, as the record discloses, resulted from a gap in the prosecution's evidence of which it was not aware at the time the list was furnished. The defendant was not prejudiced in any manner.

Affirmed.