## STATE v. GREG MELINA.

210 N. W. 2d 855.

September 28, 1973—No. 43992.

*C. Paul Jones,* State Public Defender, and *Donald H. Nichols,* Assistant State Public Defender, for appellant.

*Keith M. Stidd,* City Attorney, and *Kenneth R. Frantz,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendant appeals from judgment of conviction of receiving or concealing stolen property valued at less than $100, Minn. St. 609.53. We reverse.

Shortly after 2 a. m. on August 1, 1972, Minneapolis police officers, while questioning defendant and his three companions

to determine if they were under age and therefore in violation of the curfew ordinance, received information from a Mr. Frellsen and his two daughters, who appeared on the scene, that the bicycles on which two of defendant's companions were riding had been stolen from the Frellsens' property, approximately two blocks away, just ten minutes earlier. Police, after arresting defendant and the other three on a burglary charge, later learned that the two other bicycles the boys were riding, including the one defendant was on, had been stolen earlier that morning or late the previous evening from the garage of one Hyman Berman, who lived approximately six blocks from the scene of the arrest. It was on the charge of receiving or concealing Mr. Berman's stolen bicycle that defendant was subsequently tried and convicted.

At trial to the court, defendant testified that he got Berman's bicycle from Marvin Bolles, but not to keep, only to use. Defendant testified that he did not know where Marvin got the bicycle.

Defendant called Marvin Bolles and Larry Schoppe as defense witnesses. The trial court refused to permit either to waive his privilege against self-incrimination. The judge based his ruling on the fact that the two witnesses were juveniles.

In finding defendant guilty, the trial court stated:

"All right. Well, there are three essential elements, as mentioned by counsel for the State, to establish a case: First of all, that the bike was stolen, and I think there is no question that has been established; secondly, that you received the stolen bike, and there is no question that you did, you were riding on it at the time. So the basic question here is your intent and whether you knew or should have known that that bike was stolen. From the testimony and your own testimony and from the circumstances, I have to feel that either you knew or you should have known that this bike was stolen. It was at a late hour and apparently, according to your own testimony, after going for a ride at that time, you observed your friends steal two other bikes. I have no choice but to find you guilty of the charge."

In our view two issues are presented: Did the court err (a) in refusing to permit the two juvenile defense witnesses to give testimony and (b) in applying the standard that defendant "knew or should have known" the bicycle was stolen?

1. The defense witnesses whose testimony the trial court barred were two of defendant's three juvenile companions. The trial court prevented their testifying on the ground that they, as juveniles, were incapable of waiving the privilege against self-incrimination.

Wigmore suggests that while a trial court may warn a witness of the privilege, it may not claim it for him as was done here, because the claim of privilege is personal to the witness and to prevent the question would be to convert the privilege from an option to refuse to testify into a prohibition. 8 Wigmore, Evidence (McNaughton Rev. 1961), §§ 2268 to 2270.

Facts similar to those in the instant case were faced in State v. Brown, 221 La. 394, 59 So. 2d 431 (1952). In that case the trial court invoked the privilege against self-incrimination on behalf of an adult defense witness and refused to permit the witness to testify. The Louisiana Supreme Court, citing Wigmore, reversed and granted defendant a new trial.

While in the instant case the court's action reflected a natural concern for the constitutional rights of the juveniles called as defense witnesses, the mere fact that they are juveniles does not alone require a different result than that reached in Brown. When it is clear to a trial court that a juvenile by testifying will incriminate himself, it becomes incumbent upon the court to see that independent counsel, a parent, or other competent adult adviser is obtained to advise the juvenile concerning his constitutional privilege against self-incrimination. Gallegos v. Colorado, 370 U. S. 49, 82 S. Ct. 1209, 8 L. ed. 2d 325, 87 A. L. R. 2d 614 (1962). The court can interrogate and satisfy itself that the right was intelligently waived, if such be the case. Cf. Application of Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. ed. 2d 527 (1967). The recurring quotation that "any lawyer worth his salt will

advise his client to remain silent" is not often followed by the modern lawyer under present-day practices. For certain strategic reasons and other considerations the privilege may not be claimed. If, after proper advice by independent counsel, an adult adviser, or parent, the juvenile wishes to testify, the court should allow his testimony. Otherwise some relevant and impressive evidence that the defendant has a right to produce may be lost to the factfinder.

We therefore hold that the error was sufficiently prejudicial to require reversal.

2. In finding defendant guilty the trial court stated, "* * * I have to feel that either you knew or you should have known that this bike was stolen." In order to convict a defendant of receiving or concealing stolen property, Minn. St. 609.53, the state must prove the following elements:

"* * * (1) The defendant received or concealed the property specified in the information; (2) the property had been stolen; and (3) the defendant knew the property had been stolen, but, nevertheless, intentionally received or concealed it." State v. Carter, 293 Minn. 102, 103, 196 N. W. 2d 607, 609 (1972).

The knowledge element requires something more than that the defendant had reason to know or should have known that the property was stolen; the test is whether the defendant had actual knowledge. For full discussion, see LaFave & Scott, Criminal Law, § 93.

There clearly was sufficient evidence from which the trial court could infer that defendant actually knew that the bicycle he was riding was stolen. But the trial court did not actually find that defendant knew that the bicycle was stolen, only that he *either* knew *or* should have known. Defendant is entitled to a trial in which the factfinder relies upon the correct standard.

Because of our decision to grant a new trial we need not discuss or decide the other issues raised by defendant.

Reversed and new trial granted.