COMMONWEALTH *vs.* WALTER J. CIESLA
(and a companion case[1]).

Worcester. March 4, 1980. — April 8, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Receiving Stolen Goods. Limitations, Statute of.*

A judge erred in dismissing indictments charging the defendants with buying, receiving or aiding in the concealment of stolen property on the ground that the indictment was not found and filed within six years after the crime was committed as required by G. L. c. 277, § 63, where the parties did not stipulate as to the dates of the defendants' alleged acts in aid of the concealment of the stolen property and it could not be said, as a matter of law, that the Commonwealth would be unable to prove an act in aid of the concealment occurring within six years of the date of the indictments. [347-349]

INDICTMENTS found and returned in the Superior Court Department on August 21, 1979.

Motions to dismiss were heard by *Meagher*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.

*Robert B. Shumway* for the defendants.

WILKINS, J. The defendants were indicted on August 21, 1979, for buying, receiving, or aiding in the concealment of stolen property, knowing it to have been stolen. See G. L. c. 266, § 60. Each defendant filed a motion to dismiss on the ground that the indictment was not "found and filed within six years after the crime [was] committed." G. L. c. 277, § 63, as amended by St. 1955, c. 781, § 1. At the

_____

[1] Against Richard J. Ciesla.

hearing on the motions to dismiss, the parties stipulated that a backhoe that was the subject of the indictment had been stolen in 1971, and that the defendants had been in possession of the backhoe from April or May of 1972 until shortly before the return of the indictments. The judge allowed the defendants' motions to dismiss. We transferred the Commonwealth's appeal here on our own motion. We reverse.

The defendants argue that because more than six years passed after they received the stolen property, they could not be charged with a crime under G. L. c. 266, § 60, as amended through St. 1973, c. 624. Section 60 states in part that "[w]hoever buys, receives or aids in the concealment of stolen . . . property, knowing it to have been stolen . . . shall . . . be punished." The crime charged in the indictment could be proved by any one of three acts — buying, receiving, or aiding in the concealment of stolen property. *Commonwealth* v. *Matheson*, 328 Mass. 371, 374 (1952). Given the stipulated facts, the only one of these three acts that could have occurred within six years of the date of the indictment is that of aiding in the concealment of stolen property. The defendants essentially argue that in no circumstances could the Commonwealth prove conduct amounting to aiding in the concealment of stolen property occurring within six years of the date of the indictments.

The question whether retaining or aiding in the concealment of stolen property is a continuing crime has arisen in other jurisdictions.[2] Courts have had difficulty in reaching common ground on the appropriate result.[3] The opinions

---

[2] For examples of continuing crimes in Massachusetts, see *Commonwealth* v. *Beneficial Fin. Co.*, 360 Mass. 188, 362 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts*, 407 U.S. 910, and *Beneficial Fin. Co.* v. *Massachusetts*, 407 U.S. 914 (1972) (conspiracy); *Commonwealth* v. *Capitol Theatre, Inc.*, 325 Mass. 146, 148 (1949) (unlawful maintenance of a sign); *Commonwealth* v. *Ross*, 248 Mass. 15, 18 (1924) (bigamy).

[3] By a four to three vote, the Supreme Court of Arkansas held that the statute did not run while the defendant retained possession of a stolen motor vehicle during the period of the statute. *State* v. *Reeves*, 264 Ark. 622 (1979). However, the Arkansas statute, unlike our own, punishes one who knowingly "retains" stolen property. *Id.* at 624-625. On the other

express a basic tension between (a) the principle that, ordinarily once acts constituting a crime are committed, the crime is complete, and the statute of limitations should start to run, and (b) a judicial reluctance to let a person go free simply because he retained the stolen property for the statutory period.

Of course, the basic question is what the Legislature intended the crime to be. We accept as a guiding principle that a crime is not a continuing one in the absence of a clear contrary indication from the Legislature. See *Toussie* v. *United States*, 397 U.S. 112, 115 (1970). If the crime of aiding in the concealment of stolen property is committed so that no continuing course of conduct extends into the period within the statute of limitations, the crime is not a continuing one. See 1 R.A. Anderson, Wharton's Criminal Law and Procedure § 181 (1957 & Supp. 1979). Thus, if the defendants aided in the concealment of the stolen backhoe more than six years before the date of the indictment, and took no further action with respect to its concealment, the statute of limitations would have run by the date of the indictment.

If, however, a defendant engaged in a specific affirmative act or acts in aid of the continued purposeful concealment of the stolen property within six years of the date of the indict-

hand, a Florida District Court of Appeal split two to one in *State* v. *Webb*, 311 So. 2d 190 (Fla. App. 1975), holding that the statute of limitations started to run when the property was received and concealed with the knowledge that it was stolen. The Florida statute was substantially identical to the Massachusetts statute with which we are concerned. More than two years (the period of the statute) before the date of the information, the defendant permitted the installation of stolen equipment at the radio station where he was the general manager. The dissenting judge, concerned over the boon to the "fencing" business, concluded that the Legislature must have intended concealment to be a continuing crime until discovered. *Id.* at 192, 193 (McNulty, C.J., dissenting). See *Duncan* v. *State*, 282 Md. 385 (1978), where the court said that the retaining of stolen goods "was no more than a continuance of the result or effect of the original crime and not a continuing course of criminal conduct." *Id.* at 394.

The results of these cases might be reconciled by an analysis of the definitions of the crimes charged. Clearer expressions of legislative intent would eliminate the problem.

ment, the question is whether such acts should be considered
a continuing crime. If the crime is treated as a continuing
one, the statute does not begin to run until the continuing
offense ends. See *Commonwealth* v. *Beneficial Fin. Co.*,
360 Mass. 188, 362 (1971), cert. denied sub nom. *Farrell* v.
*Massachusetts*, 407 U.S. 910, and *Beneficial Fin. Co.* v.
*Massachusetts*, 407 U.S. 914 (1972). In these assumed fac-
tual circumstances, the statute would run from the date of
the last such act, and prosecution would not be barred. See
*Williams* v. *Superior Court*, 81 Cal. App. 3d 330, 343-344
(1978).

Continuing, purposeful acts in aid of the concealment of
stolen property transgress the basic legislative purpose to
prevent the continued withholding of possession of the stol-
en property from its rightful owner. *Commonwealth* v.
*Matheson*, 328 Mass. 371, 373-374 (1952). Acts of actual
physical concealment need not be proved. It is enough that
the defendants acted purposefully to withhold the property
from its rightful owner or to make it more difficult for the
owner to discover it. *Id.* See R. Perkins, Criminal Law 324
(2d ed. 1969); 2 R.A. Anderson, Wharton's Criminal Law
and Procedure § 570 (1957 & Supp. 1979).

The parties have not stipulated to the dates of the defend-
ants' alleged acts in aid of the concealment of the stolen
property. We know only that the defendants had possession
of the backhoe for more than six years preceding the date of
the indictments. It cannot be said, as a matter of law, that
the Commonwealth will be unable to prove an act in aid of
the concealment of the stolen property occurring within six
years of the date of the indictments. Consequently, the mo-
tions to dismiss the indictments should not have been allowed.
The orders allowing the motions to dismiss are vacated and
the cases are remanded to the Superior Court for further
proceedings.

*So ordered.*