**STATE of Minnesota, Respondent,**

v.

**Douglas Albert LAWRENCE, Appellant.**

No. 81–275.

Supreme Court of Minnesota.

Nov. 20, 1981.

Harry N. Ray and Jeff M. Zalasky, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert F. Carolan, Co. Atty., and Mark Lystig, Asst. County Atty., Hastings, for respondent.

SIMONETT, Justice.

Defendant, on stipulated facts, was found guilty of the crime of "receiving stolen property" worth more than $150 in violation of Minn.Stat. § 609.53, subd. 1(1) (1980). Defendant was sentenced by the trial court to 26 months in prison, with execution stayed for 5 years, defendant to serve the first 45 days in jail. Defendant appeals, claiming his prosecution should have been barred because (a) he stole the property involved and so could only be convicted of theft, and (b) the statute of limitations had run on the crime for which he was being prosecuted. We affirm.

The property was stolen by defendant on July 27, 1977. Although the police apparently then suspected defendant as the thief, they did not have sufficient evidence to charge him with theft. But later, on July 2, 1980, acting on the basis of newly-acquired information, the police obtained a warrant to search defendant's residence and found a disc grinder, a magnetic drill, a jigsaw and numerous other tools, all items stolen in the 1977 theft. On August 6, 1980, more than 3 years after the theft, but only a month after discovery of the stolen items, the state filed a complaint against defendant alleging that, on or about July 2, 1980, defendant did receive, possess or conceal stolen property. At trial, defendant took the stand and testified he was the thief (the state having conceded the statute of limitations had expired for the theft) and admitted he had possession of the stolen items in his garage on July 2, 1980.

1. Defendant first argues he cannot be convicted of receiving stolen property because he was the thief and he cannot receive from himself. One cannot quarrel with this logic. The statute, however, includes more than "receiving"; it applies to one who knowingly "receives, possesses, transfers, buys or conceals" any stolen property. Here both possession and concealment are present. While it may happen that one should not be convicted for stealing and concealing the same item, Minn.Stat. § 609.04 (1980), it is acceptable to charge someone with either or both offenses and convict on only one of them. Since section 609.53 is directed at trafficking in stolen goods, it might be argued that to use the statute here against the thief is to use it for a purpose for which it was not intended. But the fact that defendant chose to keep and enjoy his stolen merchandise rather than pass it on to a fence only makes him, in a practical sense, his own fence. While some dictum in *State v. Carter*, 293 Minn. 102, 196 N.W.2d 607 (1972), seems to support defendant's position, in *Carter* we reaffirmed our holding in *State v. Jones*, 289 Minn. 22, 183 N.W.2d 282 (1970), that a prosecutor has the discretion to charge a person who steals with concealing the property rather than with stealing if the available evidence establishes the former.

We hold the defendant was properly convicted of concealing or possessing under section 609.53, notwithstanding that he was the thief.

2. Defendant next contends the 3-year statute of limitations bars his prosecution for "receiving stolen property." Again we disagree.

To be timely prosecuted, defendant must be charged "within three years after the commission of the offense." Minn.Stat.

§ 628.26 (1980). Defendant argues the crime is committed and the statute of limitations starts to run as of the time he "receives" the stolen goods. The trial court rejected this argument, holding that the offense is a continuing one, and observing that otherwise "the proper modus of operandi would be steal, conceal and then legitimately sell the contraband."

The crime commonly known as "receiving stolen property," when used in a shorthand sense, is a misnomer, since it includes a number of different legal concepts in addition to and separate from receiving. The offense includes not only receiving, but concealing; since 1973, it includes buying; and since August 1, 1979, it also includes possessing and transferring. The issue here is whether any of these terms may be deemed continuing in nature. The two most likely descriptions of defendant's conduct are possession and concealment. Does either, or both, apply? In answering this question we should keep in mind that a crime is not continuing in nature if not clearly so indicated by the legislature. *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970).

Both possessing and concealing are distinguishable from receiving in that the latter connotes a single act. Behind possessing and concealing, however, is the notion that property is being kept from someone in violation of a duty to return and this duty to return continues. One of the reasons for including possessing and concealing as crimes is to be able to prosecute even though the time has run out on receiving. Surely this serves the purpose of the statute, which is to deter trafficking in stolen goods.

In one sense, it can be said concealing is a single act—for example, putting the property in a secret place and leaving it there—but we have not construed the term in so limited a fashion. Concealing, we have said in *State v. Simonson*, 298 Minn. 235, 214 N.W.2d 679 (1974), is not limited to its literal meaning of hiding or secreting

property but includes conduct which converts the property to the defendant's use or renders its discovery more difficult by the owner. Or as the Massachusetts court has put it, it is enough to show the defendant acted purposefully to withhold the property from its rightful owner or to make it more difficult for the owner to discover. *Commonwealth v. Ciesla*, 380 Mass. 346, 403 N.E.2d 381 (1980). In other words, while the initial act of concealing may meet the definition of the proscribed conduct, it does not exhaust it. *Cf. Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912). This is not to say there may not be instances of a single act of concealment, such as a defendant who only assists a possessor of stolen goods to hide the property. *See Ciesla, supra.*

We also conclude the word "possessing," added to the statute in 1979, was intended to denote a continuing offense. "To possess" means "to have and hold property"; a second meaning is "to take into one's possession." Webster's Third New International Dictionary. But since receiving already includes the second meaning of possess, and the legislature would not intend to be redundant, we take it the legislature intended "possess" to be used in its passive sense, to describe a continuing status, *i. e.,* simply to have and hold property. This was the reasoning of the trial court, and we agree with it. Supporting our view that possession is both a status term and a continuing offense are *Eichelberger v. United States*, 252 F.2d 184 (9th Cir. 1958), and *United States v. Fleetwood*, 489 F.Supp. 129 (D.Or.1980). Contrary is *United States v. Mendoza*, 122 F.Supp. 367 (N.D.Cal.1954) (retaining stolen goods is not a continuing offense).

We hold, therefore, that either concealing or possessing stolen goods is a continuing offense for the purpose of the statute of limitations. We hold this defendant may not assert the statute of limitations as a bar where he kept the goods he stole in his house and garage, thereby not

only possessing the goods but making their discovery more difficult for the owner.[1]

What causes concern here is the problem in balancing society's interest in protecting persons from stale claims with society's interest in deterring theft and trafficking in stolen goods. As the author of the Note, *Statute of Limitations in Criminal Law*, 102 U.Pa.L.Rev. 630, 645 (1954), points out, the notion of a continuing crime is valid in many situations, but "it should be applied only on a limited scale; by applying the doctrine loosely, courts have a potentially powerful weapon for the avoidance of statutes of limitations."

■ We think this is a situation where the continuing crime doctrine is not being applied loosely and where its application is valid and best serves to reconcile the conflicting interests involved. The due process clause, we might add, is available to protect a defendant who is charged under the continuing offense theory if the preaccusation delay actually and substantially prejudices his defense. *See United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), and *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Affirmed.

SCOTT, Justice (dissenting).

I respectfully dissent. I would hold that prosecution of the defendant was barred by the three-year statute of limitations.

Section 628.26 (1980) provides:

Indictments for murder may be found at any time after the death of the person killed; indictments for violation of section 609.42, subdivision 1, clauses (1) or (2) shall be found and filed in the proper court within six years after the commission of the offense; in all other cases, indictments shall be found and filed in the proper court within three years after the commission of the offense; but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the limitations imposed by this section.

This statute is explicit. The legislature amended this section in 1976 [1] by providing that the statute of limitations for bribery involving public officials be six years, but continued to provide that "in all other cases," except murder, the limitations would remain at three years. For example, the serious crime of manslaughter remains at three years.

It seems that this is a matter of substantive law for the legislature to determine. Had the legislature wished to except or extend the limitation on the crime of concealing stolen property [2] or other crimes, it could easily have done so.

In recognition of the dangers associated with allowing prosecutions to "ferment endlessly in the files," [3] legislative bodies enact

1. Defendant first wrongfully possessed the stolen goods in late July of 1977. Not until August 1, 1979, did the legislature make possessing a crime, expressly adding that the new amendment was to apply only to offenses committed on or after that date. Since possessing is a continuing offense, and since defendant continued to possess the stolen tools after August 1, 1979, knowing them to be stolen, we hold his conviction for the crime of knowingly possessing stolen goods on or about July 2, 1980, is proper. Defendant is not being convicted for any conduct prior to that date.

1. Act of Apr. 8, 1976, ch. 184, § 1, 1976 Minn. Laws 636.

2. The crime involved in this case is Minn.Stat. § 609.53, subd. 1(1) (1980):

Any person who receives, possesses, transfers, buys or conceals any stolen property or

property obtained by robbery, knowing the same to be stolen or obtained by robbery, may be sentenced as follows:

(1) If the value of the property received, bought or concealed is $150 or more, to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both;

The words "possesses, transfers" (above) were added by Act of May 29, 1979, ch. 232, § 1, 1979 Minn.Laws 484, which also provides:

This act is effective August 1, 1979 and applies to all offenses committed on or after that date and to all persons convicted of a crime committed on or after that date. *Id.*, § 3.

3. "Statutes of limitation are founded upon the liberal theory that prosecutions should not be allowed to ferment endlessly in the files of the

statutes of limitations such as Minn.Stat. § 628.26 (1980). The majority's holding that the legislature's intent was to make this crime a continuing offense contravenes three general rules concerning the construction of statutes of the type in question. The first general rule, endorsed by the United States Supreme Court, is "that criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *United States v. Habig*, 390 U.S. 222, 227, 88 S.Ct. 926, 929, 19 L.Ed.2d 1055 (1968) (quoting *United States v. Scharton*, 285 U.S. 518, 522, 52 S.Ct. 416, 417, 76 L.Ed. 917 (1932)); subsequently reaffirmed by *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). Second, where a criminal statute of limitations sets a specific limited period for a particular class of crimes, it has been recognized that the particular offense should not be construed as a continuing one "unless the explicit language of the substantive criminal statute *compels* such a conclusion, or the nature of the crime involved is such that Congress *must assuredly* have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. at 115, 90 S.Ct. at 860 (emphasis added).[4] Finally, the majority's position is not in keeping with the general practice of construing criminal statutes liberally in the defendant's favor. *See United States v. Satz*, 109 F.Supp. 94, 96 (N.D.N.Y.1952).

To agree with the state's position will yield absurd and unintended results. Prosecutions for "receiving stolen property"

could be brought 20 or more years after the original theft. The issues presented by such prosecutions would inevitably involve the presentation of stale evidence or create an untenable situation where the defendant could not obtain sufficient evidence for a proper defense. *See* Note, *Statute of Limitations in Criminal Law: A Penetrable Barrier to Prosecution*, 102 U.Pa.L.Rev. 630, 632, 642 (1954). In view of the fact that limitations of greater than three years are reserved for the most serious offenses of murder and bribery of public officials, I cannot agree that the legislature intended to place this type of property crime in the same category.

Consequently, neither the policies that gave rise to criminal statutes of limitations nor the wording of the statute supports the majority's conclusion that the legislature intended the offense with which the defendant was charged to be a continuing crime.[5] Therefore, the three-year period having run prior to the defendant's prosecution, that prosecution was barred,[6] and I would reverse.

WAHL, Justice (dissenting).

I join in the dissent of Justice Scott.

---

government to explode only after witnesses and proofs necessary to the protection of the accused have by sheer lapse of time passed beyond availability." *United States v. Eliopoulos*, 45 F.Supp. 777, 781 (D.N.J.1942).

4. The *Toussie* court was interpreting the federal criminal statute of limitations in 18 U.S.C. § 3282 (1976).

5. *See State ex rel. Sargent v. Tahash*, 280 Minn. 507, 160 N.W.2d 139 (1968) (holding that the crime of child abandonment under Minn.Stat. § 617.55 (1961) (since repealed) was generally recognized as a continuing offense which is not committed by any overt act but by omission and neglect).

6. Such a holding would not preclude appropriate civil litigation. *See In re Estate of Congdon*, 309 N.W.2d 261 (Minn.1981).