STATE of Minnesota, Respondent,

v.

Raymond E. FERNOW, Appellant.

No. C5–83–400.

Supreme Court of Minnesota.

Sept. 14, 1984.

Michael G. Singer, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, County Atty., St. Paul, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of a charge that on July 27, 1982, he committed the crime of theft by retaining possession of a 1934 Buick Coupe Model 66S owned by one William Westerhoff and valued at more than $2,500. Minn.Stat. § 609.52, subd. 2(1) and 3(1) (1982). The trial court sentenced defendant to a term of 1 year and 1 day in prison but stayed execution of the term and placed defendant on probation, subject to a number of conditions. On this appeal, defendant does not challenge the sufficiency of the evidence but contends (1) that his conviction should be reversed outright because the prosecution was barred by the statute of limitations or (2) that he should be given a new trial because the trial court's instructions failed to make it clear to the jury that one of the elements of the offense was that the car was owned by William Westerhoff. We affirm.

■ 1. The first issue is controlled by our decision in *State v. Lawrence*, 312 N.W.2d 251 (Minn.1981), in which we held that possessing stolen property and concealing stolen property are continuing offenses for the purpose of the statute of limitations. We observed in *Lawrence* that the continuing-crime doctrine should not be applied loosely. In light, however, of the evidence that defendant concealed the car from all but a few friends from 1975 until 1982,[1] we believe that its application is appropriate in this case.

■ 2. The other issue is the adequacy of the court's instruction on the elements of the offense.

Defense counsel submitted a proposed instruction on the elements which stated in part:

> The elements of theft in this case are:
>
> First, the 1934 Buick automobile alleged to have been retained must have been the property of William Westerhoff.
>
> Second, defendant must have intentionally retained the 1934 Buick automobile. This means that defendant must have had the purpose of retaining the 1934 Buick automobile and that he must have known or believed that it was the property of another person.
>
> Third, defendant must have known or believed that he had no right to retain the 1934 Buick automobile.
>
> Fourth, William Westerhoff must not have consented to defendant's taking it.
>
> Fifth, defendant must have intended to deprive the owner permanently of the possession of the 1934 Buick automobile.
>
> Sixth, defendant's act must have taken place on or about July 27, 1982 in Ramsey County.

Defense counsel modeled this proposed instruction on CRIMJIG 16.02.

The trial court's instruction on the elements stated in relevant part:

Now, as applied to the facts in this case, you are instructed that the State must prove to you, beyond a reasonable doubt, all of the following essential elements of this charge of theft: One, did this Defendant, Raymond Fernow, on July 27, 1982, in Ramsey County, Minnesota;

Two, intentionally retain possession of a 1934 Buick automobile worth more than $2,500.00;

Three, knowing or believing that he had no right to retain possession of it;

Four, without consent of the owner, William Westerhoff, and;

Five, with the intent to deprive that owner permanently of possession of that '34 Buick. Those are the essential elements of this charge against this Defendant.

Defense counsel objected to this instruction on the ground that it did not make it clear to the jury that one of the elements was whether the car was the property of Westerhoff.

■ Defendant argues on appeal that the court's instructions in effect directed a verdict on the issue of Westerhoff's ownership of the car. "The general rule is that the defendant is entitled to have all the elements of the offense submitted to the jury even if the evidence relating to those elements is uncontradicted." *State v. Wick*, 331 N.W.2d 769, 772 (Minn.1983). The court should have followed CRIMJIG 16.02 (1977), separating the element of ownership from the element of consent. However, we conclude that the defect in the instruction was not prejudicial. First, the court's enumeration of the elements was preceded by a reading of the statute that defendant was charged with violating. That statute states specifically that the property in question must be the property "of another," thereby indicating that the issue of ownership is a separate issue for the jury. Second, both the prosecutor and

---

**1.** Defendant first obtained a license for it and first exhibited it at an automobile show in July of 1982. The car was immediately identified by a friend of the true owner and by another per-

son who once had tried to buy it from the previous owner. The prosecution of defendant was commenced shortly thereafter.

defense counsel in their closing arguments made it clear that one of the issues for the jury was whether Westerhoff owned the car in question. Finally, the evidence that Westerhoff owned the car in question was overwhelming.

Affirmed.