STATE v. STEVEN ROBERT LOVELAND.

240 N. W. 2d 326.

March 12, 1976—No. 45147.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Special Assistant Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Richard B. Allyn,* Assistant Attorney General, and *Thomas J. Reif,* County Attorney, for respondent.

PER CURIAM.

Defendant is presently serving two concurrent maximum indeterminate terms of 5 years' imprisonment, one for a 1971 burglary conviction, the other for a 1973 conviction for distribution of a controlled substance. Defendant was originally given 2 years' probation and a stay of imposition of sentence on the burglary conviction, but the stay was vacated and sentence imposed when defendant violated the terms of his probation by committing the drug offense.

The issue on this appeal from the court's order revoking probation and imposing sentence [1] relates to the fact that parolees are given good

---

[1] The order should have been challenged in a postconviction proceeding under Minn. St. c. 590.

time credit pursuant to Minn. St. 243.18,[2] whereas probationers are not. Defendant contends that this difference in treatment denies probationers equal protection of the laws. Underlying defendant's argument is the assertion that if probationers were given good time credit, defendant's 2 years' probation would have expired prior to the vacation of the stay of imposition of sentence on the burglary conviction.

We affirm, because our decision in State ex rel. Ahern v. Young, 273 Minn. 240, 141 N. W. 2d 15 (1966), is controlling. In that case the defendant's sentence had been imposed when probation was revoked, and he argued that his sentence should be diminished by the time spent on probation. We rejected defendant's contention, and held that the wording of Minn. St. 609.14, subd. 3,[3] indicated there was no legislative

---

[2] Minn. St. 243.18 provides as follows: "Every convict sentenced for any term other than life, whether confined in the state prison, the state reformatory, or the Minnesota correctional institution for women, or on parole therefrom, may diminish the term of his sentence as follows:

"(1)   For each month, commencing on the day of his arrival, during which he has not violated any prison rule or discipline, and has labored with diligence and fidelity, five days;

"(2)   After one year of such conduct, seven days for each month;

"(3)   After two years of such conduct, nine days for each month;

"(4)   After three years, ten days for each month for the entire time thereafter.

"The commissioner of corrections, in view of the aggravated nature and frequency of offenses, may take away any or all of the good time previously gained, and, in consideration of mitigating circumstances or ignorance on the part of the convict, may afterwards restore him, in whole or in part, to the standing he possessed before such good time was taken away."

[3] Minn. St. 609.14, subd. 3, provides: "If any of such grounds [for revocation of stay] are found to exist the court may:

"(1)   If imposition of sentence was previously stayed, again stay sentence or impose sentence and stay the execution thereof, and in either event place the defendant on probation pursuant to section 609.135, or impose sentence and order execution thereof; or

"(2)   If sentence was previously imposed and execution thereof stayed, continue such stay and place the defendant on probation in accordance with the provisions of section 609.135, or order execution of the sentence previously imposed."

policy favoring credit for probationers. In rejecting defendant's argument that he was being denied equal protection because when parole is revoked credit is given for time spent on parole, we stated as follows:

"* * * [T]hough credit is granted for parole yet denied for probation, there is no denial of equal protection because, in our view, parolees and probationers are not of the same class. While probation may be considered a mild form of ambulatory punishment imposing meaningful restraints, its true nature is an act of judicial grace. The legislature has granted to the judiciary discretionary power to grant probation as a means of testing a convicted defendant's integrity and future good behavior. Unlike parole, granted by an administrative agency, probation is granted by the court when the sentencing judge deems the protection of society does not demand immediate incarceration. It is not granted because of any merit or worthiness of the wrongdoer. Parole is the result of an investment of discipline in a prisoner who has earned the rewards of a milder form of punishment. The parolee has demonstrated an empirical need for a new form of punishment more effectively suited to prepare him for society and to his rehabilitation.

"These differences lend meaning to the legislative intent to deny credit for probation. One who has been convicted of a crime, has received no punishment, and has proved nothing as to his ability to submit to rigid discipline is simply not entitled to the same concessions as one who has been punished and demonstrated an ability to reform. Further, if credit were required to be given, it is foreseeable that a sentencing court would be less inclined to impose the risks of probation upon society, knowing that such concessions might hinder communicating to the defendant the full impact of responsibility for his acts and, possibly, frustrate rehabilitation. The effect upon a probationer could well be less respect for the restraints of probation and obedience to the law, with increased danger of recidivism. It is essential that a court should retain the threat of the original sentence upon breach of probation in order more effectively to discipline a probationer and protect against the risk of repeated injury to society.

"As probationers and parolees are therefore of different classes, we hold there is no violation of the equal-protection clause." 273 Minn. 247, 141 N. W. 2d 19.

We reaffirmed that reasoning in State ex rel. Sargent v. Tahash, 280 Minn. 507, 160 N. W. 2d 139 (1968).

Defendant has not persuaded us that we should reconsider the rule

we adopted in the Ahern case. It fully answers the equal-protection argument made by defendant in this appeal.

Affirmed.