STATE of Minnesota, Respondent,

v.

David Brian WALTERS, Appellant.

No. 81–771.

Supreme Court of Minnesota.

Feb. 2, 1982.

Hutchinson & Marquard and S. Forrest Hutchinson, Duluth, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Peter M. Banovetz, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal. On April 23, 1981, defendant pled guilty to two different severity level III drug offenses: sale of cocaine (a schedule II narcotic) on August 29, 1980, and possession of cocaine with intent to sell on September 2, 1980. Defendant's criminal history score was two, one point for a 1978 conviction for possessing LSD with intent to sell and one point for committing the present offenses while on probation. The presumptive sentence for each offense was 16 months stayed, with the sentences to run concurrently with each other and with any time defendant had to serve for the 1978 conviction. However, because defendant had the prior drug convictions, the trial court had the discretion under Minn.Stat. § 152.15, subd. 1(1) (1980), to impose a minimum prison term of 1 year and 1 day, which would translate into an executed sentence of 18 months. Minnesota Sentencing Guidelines and Commentary, II.E. (1980); *State v. Childers,* 309 N.W.2d 37 (Minn.1981). The trial court (a) revoked probation on defendant's 1978 drug conviction and ordered execution of the previously imposed 2½-year sentence for that conviction and (b) imposed prison terms of 1 year and 1 day to 10 years for each of the two current convictions, with the sentences

to run concurrently with each other but consecutively to the sentence for the 1978 conviction.

This appeal followed, with defendant originally seeking an order that would have remanded the case and required the trial court to file a departure report. While the appeal was pending, the trial court filed a departure report. Defendant then filed a supplemental brief arguing that the delayed departure report failed to provide any valid justification for departure.

As we indicated, the presumptive sentence for each offense was 16 months stayed, with the sentences to run concurrently with each other and with any time that defendant had to serve for the 1978 conviction, but the trial court had discretion under section 152.15, subd. 1(1), to impose a minimum term of 1 year and 1 day for each offense. This means that the trial court could have imposed 18-month concurrent prison terms without departing.

We believe that departure was justified on the ground that both current offenses were major drug offenses. Section II.D.2.b. provides a list of aggravating factors, one of which is the fact that "The offense was a major controlled substance offense, identified as an offense or series of offenses related to trafficking in controlled substances under circumstances more onerous than the usual offense." II.D.2.b.(5). That subsection provides that the presence of two or more of the following circumstances are aggravating factors with respect to the offense:

(a) the offense involved at least three separate transactions wherein controlled substances were sold, transferred, or possessed with intent to do so; or

(b) the offense involved an attempted or actual sale or transfer of controlled substances in quantities substantially larger than for personal use; or

(c) the offense involved the manufacture of controlled substances for use by other parties; or

(d) the offender knowingly possessed a firearm during the commission of the offense; or

(e) the circumstances of the offense reveal the offender to have occupied a high position in the drug distribution hierarchy; or

(f) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time or involved a broad geographic area of disbursements; or

(g) the offender used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence or fiduciary relationships (e.g., pharmacist, physician or other medical professional).

II.D.2.b.(5). Although the "major drug offense" factor was not added to the list of factors until August 1, 1981, the list was always a nonexclusive list, and the major drug offense factor was one that we would have felt justified in relying upon in this case even if the Sentencing Guidelines Commission had not added the factor to the list.

Because the offenses were major drug offenses, we believe the trial court was justified in departing upward. Under the doubling rule that we adopted in State v. Evans, 311 N.W.2d 481 (Minn.1981), this would normally mean that the appropriate sentence here would be concurrent terms of 36 months, the 36 months being double the term of 18 months that the trial court could have imposed without departing. However, in applying the doubling rule in this case, which involves a minimum term, the presumptive sentence of 16 months should be used, since the only justification for the 18-month term is to ensure that defendant will serve at least 1 year and 1 day in prison. When the presumptive sentence of 16 months is doubled, the defendant necessarily will serve a minimum term of 1 year and 1 day in prison. Indeed, he will not be eligible for supervised release, at the earliest, until two-thirds of the 32-month term has expired.

In summary, we affirm the district court's decision to depart but reduce the terms for the current offenses to 32 months

each, with the terms to run concurrently with each other and with the prior sentence.

Affirmed as modified.