**STATE of Minnesota, Appellant,**

v.

**Larry Michael NELSON, Respondent.**

**No. C8-82-882.**

Supreme Court of Minnesota.

Feb. 18, 1983.

---

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

David G. Roston, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by the state, pursuant to Minn.Stat. § 244.11 (1982), from a downward durational sentencing departure by the sentencing judge, who imposed an executed prison term of 1 year and 1 day in a case where the presumptive sentence established by the Minnesota Sentencing Guidelines is an executed term of 27 (25–29) months in prison.

On July 22 and July 30, 1981, defendant sold cocaine to undercover agents in Hennepin County, and on July 31 he sold cocaine to the same agents in Ramsey County. Defendant's arrest was delayed until October 28 because the undercover agents did not want their true identity disclosed while their operation was in progress.

On November 13 defendant entered the Willmar State Hospital and participated in a chemical dependency treatment program. Upon his discharge in February of 1982 he began participating in an after-care program. The staff at the hospital was convinced that defendant was motivated to remain drug free and that defendant would be a good candidate for probation.

Defendant pleaded guilty in Ramsey County to the charge of sale of cocaine and also pleaded guilty to the Hennepin County charges. Sale of cocaine is a severity level III offense. Defendant's criminal history score at the time of sentencing in Ramsey County was five. The presumptive sentence for a severity level III offense by a person with a criminal history score of five is an executed term of 27 (25–29) months in prison.

The Ramsey County agent who prepared the presentence investigation report recommended that defendant be sentenced to the presumptive term. Defendant's attorney moved for a departure in the form of a stay of execution with time in the workhouse. The sentencing judge in Ramsey County refused to stay the sentence but limited the duration of the sentence to 1 year and 1 day. Subsequently, the sentencing judge in Hennepin County sentenced defendant to 32 months in prison for each of the two Hennepin County convictions but stayed execution of those sentences. Defendant apparently was released from prison in September of 1982.

In departing durationally from the presumptive sentence, the trial court reasoned that defendant's offense was not a major drug distribution offense, that defendant "was just an addict selling drugs to others whom he believed to be users to support his habit," that defendant seemed to be making a good faith effort at succeeding in treatment, and that society's interest would be vindicated by a prison term of 1 year and 1 day rather than 27 months.

■ The state, seeking resentencing to a prison term of 27 months, argues that while a court can increase the sentence of a drug offender if the offense is a major controlled

substance offense, *see State v. Walters,* 315 N.W.2d 590 (Minn.1982), and Minnesota Sentencing Guidelines and Commentary, II. D.2.b(5) (1982), a court cannot decrease the sentence if the offense is not a major drug distribution offense. Even if there is such a thing as a minor drug distribution offense, this is not it. Rather, this seems to be a typical sale of cocaine. Further, Minnesota Sentencing Guidelines and Commentary, II.D.2.a.(3) (1982) indicates that a defendant's voluntary use of drugs may not be relied upon as a basis for concluding that the defendant lacked substantial capacity for judgment when the offense was committed. Thus, the fact that defendant was selling the drugs to support his habit is not a mitigating factor. *Cf. State v. Gardner,* 328 N.W.2d 159 (Minn.1983).

Defendant's apparent willingness to succeed in treatment is not a ground for a downward durational departure any more than one's dangerousness can be used as a basis for an upward durational departure. *See State v. Hagen,* 317 N.W.2d 701 (Minn. 1982). However, defendant's apparent willingness to succeed in treatment is a ground for a dispositional departure in the form of a stay of execution of sentence. *See State v. Hennessy,* 328 N.W.2d 442 (Minn.1983); *State v. Trog,* 323 N.W.2d 28 (Minn.1982); *State v. Wright,* 310 N.W.2d 461 (Minn. 1981).

In summary, the trial court was not free to depart durationally but could have departed dispositionally. On remand, therefore, the trial court has the option of placing the defendant on probation and imposing such conditions of probation as appear proper. In the event that jail or workhouse time is a condition of probation, credit should be given for the time served in prison. Furthermore, in the event that probation should be revoked at some future time and defendant sentenced to prison,

credit should be given for time served under this appealed-from sentence.[1]

Remanded for resentencing.

---

1. While time served in a jail or workhouse as a condition of probation is not credited against prison time if the probation is revoked and the sentence ordered executed, *State v. Loveland,* 307 Minn. 519, 240 N.W.2d 326 (1976); *State ex rel. Ahern v. Young,* 273 Minn. 240, 141 N.W.2d 15 (1966), prison time served under an invalid executed sentence should be credited. Minn.Stat. § 609.145, subd. 1 (1982).