STATE of Minnesota, Respondent,

v.

Terry STACEY, Appellant.

No. C8–84–546.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Susan S. Chambers, Asst. County Atty., David J. Twa, Blue Earth County Atty., Mankato, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Terry Stacey appeals his sentence following his plea to aggravated robbery. He seeks review of his criminal history score upon which his 104-month prison sentence was based, and also claims the court erred in denying him credit for jail time. We modify the sentence.

## FACTS

Appellant was arrested in Minneapolis, Minnesota in connection with a November 11, 1982, aggravated robbery of a drugstore in Nicollet County and a December 22, 1982, aggravated robbery of a drugstore in Blue Earth County. Appellant was convicted of the Nicollet County robbery on November 17, 1983. On November 29, 1983, pursuant to a plea agreement, appellant pleaded guilty to the Blue Earth County offense. Under the agreement, appellant's Blue Earth sentence was to be concurrent with the Nicollet County sentence. Appellant was sentenced to 104 months in prison for the Nicollet County matter, with the last 14 months stayed and appellant placed on five years probation. Appellant was given credit for all time spent in jail pending the sentencing. Appellant was then given a 104-month concurrent prison sentence for the Blue Earth County offense. This was based on a criminal history score of eight, based on eight prior felony convictions. Five of the prior felony convictions were possession of controlled substance offenses which occurred in Steele County. Appellant argued at sentencing that they arose only from two behavioral incidents and thus, only two criminal history points were appropriate. The

Steele County District Court vacated three of the convictions on this basis, pursuant to appellant's motion, on July 3, 1984. Appellant was also given a felony point for a 1977 federal conviction for failing to declare currency while crossing the United States border from Canada. This offense resulted in a six-month sentence.

## ISSUES

1. Was appellant's criminal history score properly computed?

2. Did the trial court err in denying appellant credit for jail time when he had already received the credit for time spent in jail on a different sentence?

## ANALYSIS

The July 3, 1984, order of the trial court renders moot the issue of whether five felony points were generated by the Steele County offenses. Clearly, only two points are proper since three of the convictions were vacated.

 The 1977 federal offense should not have generated a felony point. This offense (31 U.S.C. § 1101(a)(1)(B) (1976)) resulted in a six-month sentence. Under 31 U.S.C. § 1059(1) (1976), this offense could only have resulted in a prison term of not more than one year. Under Minnesota Sentencing Guidelines II.B.5, "[t]he designation of out-of-state convictions as felonies, gross misdemeanors or misdemeanors shall be governed by the offense definitions and sentences provided in Minnesota law."

Minn.Stat. § 609.02 (1982) defines felonies, misdemeanors, and gross misdemeanors. A felony in Minnesota is a "crime for which a sentence of imprisonment for more than one year may be imposed." Minn. Stat. § 609.02, subd. 2 (1982). Thus, appellant's federal offense should not have been treated as a felony. This is so even though the offense was deemed a felony under federal law and appellant was sentenced to the federal equivalent of the Minnesota Department of Corrections. *State v. Jackson*, 346 N.W.2d 634 (Minn.1984). Further, even if the federal offense were a felony

under Minnesota law, under the Minnesota Sentencing Guidelines, when a "prior felony conviction resulted in a misdemeanor or gross misdemeanor sentence, that conviction shall be counted as a misdemeanor or gross misdemeanor conviction for purposes of computing the criminal history score * * *." Minn. Sent. Guidelines II.B.1.c. Clearly, the six-month federal sentence resulted in a gross misdemeanor sentence and is another reason that a felony point should not have been generated. *See Jackson*, 346 N.W.2d at 639. Accordingly, appellant's criminal history score must be reduced to four. His sentence is hereby reduced to 70 months, the maximum presumptive sentence under the guidelines.

In light of our decision, we need not address appellant's contentions regarding the denial of jail credit. It is evident that appellant will not be serving any additional time to the Nicollet County offense for the Blue Earth County offense, and thus whether he is entitled to additional jail credit is of no concern. Should this become an issue in the future following appellant's appeal of his Nicollet County conviction, he may seek appropriate relief in a post-conviction action.

## DECISION

Appellant's criminal history score is reduced from eight to four because of the recent vacation of three of his convictions by the Steele County District Court and because his 1977 federal conviction should not have generated a felony point. The sentence is thus modified to 70 months imprisonment.

Modified.