**STATE of Minnesota, Respondent,**

v.

**Jerome E. VANN, Appellant.**

**Nos. C6–85–250, C9–85–291.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Sept. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Mark F. Anderson, Asst. Public Defenders, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Jerome Vann was convicted of attempted murder in the second degree, Minn.Stat. §§ 609.185(1), 609.19(1) and assault in the first degree, Minn.Stat. § 609.-221 (1984) for a shooting which occurred outside the Elks' Club in Minneapolis. Appellant claims (1) his criminal history score was improperly computed, (2) the trial court made improper comments, (3) the evidence was insufficient and (4) he was denied effective assistance of counsel. We affirm but modify the sentence.

## FACTS

In the early morning hours of July 17, 1984 appellant was at the Elks' Club in Minneapolis. He got into a fight with Anthony Early and they were kicked out of the club. Early indicated to others he did not want to leave because he had seen Winston Bickham pass appellant a gun. Shortly after, and just outside the door, appellant shot Early three times.

At the close of the evidence, the trial court warned the jury that deliberations would begin the next day following final arguments and instructions. The jury was told to be prepared for sequestration until a verdict is reached. Appellant was found guilty the next day and sentenced to imprisonment for 142 months for the attempted murder conviction, the presumptive sentence based on one-half the presumptive term for a severity level X offense and criminal history score of 5. No sentence was imposed for the assault conviction. The trial court subsequently denied appellant's motion under Minn.R.Crim.P. 27 to reduce the sentence based on allegedly erroneous inclusion of two felony criminal history points.

## ISSUES

1. Did the trial court properly include two prior felony criminal history points?

2. Did the trial court's comments to the jury improperly coerce a verdict?

3. Was the evidence sufficient?

4. Was appellant denied effective assistance of counsel?

## ANALYSIS

### I.

■ 1. Appellant was convicted in 1982 in Nebraska for escape. That offense is a felony in Nebraska with a sentencing range of 1 to 20 years. Neb.Rev.Stat. 28–912. He was sentenced to one year in prison.

In Minnesota escape from custody is also a felony under Minn.Stat. § 609.485, subd. 4(1) (1984). However, a sentence of one year imprisonment is a gross misdemeanor sentence not a felony sentence. Minn.Stat. § 609.02, subd. 2 and subd. 4 (1984). Under the guidelines a conviction is treated as a gross misdemeanor if it results in a gross misdemeanor sentence. Minnesota Sentencing Guidelines II.B.1.c.

The guidelines also state that foreign convictions are governed by offense definitions and sentences provided in Minnesota law. Minnesota Sentencing Guidelines II.B.5. The pertinent commentary to this section reads:

> [T]he sentencing court, in its discretion, should make the final determination as to the weight accorded foreign convictions. In so doing, sentencing courts should consider the nature and definition of the foreign offense, as well as the sentence received by the offender.

II.B.505.

Case law interpretation has recognized that if the actual foreign sentence received is not a felony sentence by Minnesota definition, then no felony criminal history point is generated. *State v. Jackson,* 346 N.W.2d 634 (Minn.1984); *State v. Stacey,* 354 N.W.2d 547 (Minn.Ct.App.1984). Appellant was given a gross misdemeanor sentence under Minnesota law and cannot be given a felony criminal history point.

■ 2. Appellant was convicted in 1980 in Nebraska for carrying a concealed weapon. Neb.Rev.Stat. 28–1202(1). That offense is a felony in Nebraska and appellant was sentenced to one to three years imprisonment, admittedly a felony sentence in Minnesota.

Appellant contends there is an issue as to whether the proscribed behavior under the Nebraska concealed weapon statute constitutes a crime in Minnesota because the Nebraska definition of weapon is ambiguous. The trial court relied on the probation officer's report which indicated that appellant's offense arose out of his arrest for carrying a loaded .22 pistol. With appellant's history, this is clearly a felony offense in Minnesota. Minn.Stat. § 624.713, subd. 1(b) and subd. 2 (1984). Appellant argues that the trial court was precluded from considering any extrinsic factual evidence of the offense in determining whether the foreign conviction constitutes a felony for criminal history purposes. Appellant's argument is contrary to *State v. McAdoo,* 330 N.W.2d 104 (Minn.1983) and Minnesota Sentencing Guidelines II.B.505. Appellant was properly given a felony point for this offense.

In sum, the trial court should not have included appellant's escape conviction in his criminal history score but properly included appellant's concealed weapon's conviction. Appellant's criminal history score is 4; the presumptive sentence for appellant is 121½ months.

### II.

Appellant claims certain comments by the trial court at the close of the evidence and during instructions constituted an erroneous charge to the jury that they had to arrive at a verdict. We have reviewed the comments and find no prejudicial error. We note appellant never objected. The trial court's comments made *prior* to deliberation were as follows:

Well, ladies and gentlemen, you have heard all the evidence in the case. The parts that remain are the final arguments and my rather brief instructions on the law. Those will take more time than we have this afternoon without keeping you here until quite late, and almost guaranteeing you that you would be here overnight. We are going to recess until tomorrow at 9:30. At 9:30 we will have the final arguments and the charge, and the case will then be turned over to you, and from that point on, you will be sequestered until the verdict is reached. Sequestered means that if you haven't reached a verdict by noon, the bailiffs will take you out to lunch at County expense, and if you haven't reached a verdict by evening, the bailiffs will take you out for dinner at County expense, and if you haven't reached a verdict by 9:30 in the evening, then the bailiffs will take you to a hotel and keep you there and you will come back here the next day, and we'll keep this up until the verdict is arrived at. I am telling you partly not to scare you or bother you or anything or urge you to spend the County money on all these meals, but to warn you to bring your toothbrush because it's just possible you will be here tomorrow night and to tell your friends that you will be out of touch. If you have some emergency that occurs while you are sequestered, we will get the emergency message in to you, but other than that, there will be no messages in or out and no phone calls, and don't leave your car where the police might tow it away or anything like that, so when you come in the morning, be prepared if you will, to stay with us for sometime, whatever time it takes for the 12 of you to make up your mind on a verdict. We will recess at this time until 9:30 tomorrow morning in this courtroom, and please for the umpteenth time, don't talk about the case tonight to anyone. That's all then.

Comments alerting the jury to the possibility of sequestration are quite common in criminal trials and necessary so that jurors can make personal arrangements.

■ However, restraint is also needed. It is academic in criminal law that a judge may not direct a verdict against a defendant or direct that a verdict must be reached. No juror can be compelled to set aside honestly held views to reach a verdict and the potential for a hung jury is a legitimate end of trial. *State v. Martin,* 297 Minn. 359, 211 N.W.2d 765 (1973). The court's comments were borderline as to error and a more carefully worded statement would have been well advised. These pre-deliberation comments, however, were not reversible error because we do not find them coercive or prejudicial.

In addition, the court should have avoided any reference to spending the county's money on meals because that kind of comment is irrelevant. Meals and lodging are part of the sequestration process and this type of discussion is unnecessary because it is too fraught with the pitfalls of circumscribing a defendant's right to a fair trial.

■ The other unobjected instructions by the trial court referred to credibility of witnesses and the difficult task of a jury and did not deprive appellant of his claimed right to a hung jury. We have cautioned against this "nit picking and reading a portion of the argument out of context" *State v. King,* 367 N.W.2d 599 (Minn.Ct.App. 1985); *see State v. Stephani,* 369 N.W.2d 540 (Minn.Ct.App.1985) (citing *State v. Gulbrandsen,* 238 Minn. 508, 57 N.W.2d 419 (1953)).

### III.

■ We have reviewed the record and find there was sufficient evidence to sustain appellant's convictions. It bears repeating that the choice between conflicting stories and the determination of credibility is for the jury. *State v. Engholm,* 290 N.W.2d 780 (Minn.1980).

### IV.

■ Appellant personally asserts ineffective counsel at trial. Appellant com-

plains about his lawyer's alleged racism, failure to object to jury instructions and concession to a statement by the prosecutor during final argument. From our review appellant has not demonstrated a lack of diligence or customary skill that a reasonably competent attorney would employ under the circumstances. *State v. Eling,* 355 N.W.2d 286 (Minn.1984) *see Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## DECISION

Appellant's criminal history score improperly included a foreign conviction for an offense in which he was given a gross misdemeanor sentence by Minnesota law. The criminal history score properly reflected a foreign conviction for carrying a concealed weapon. With a criminal history score of 4 appellant's sentence should be modified to 121½ months. The trial court did not improperly coerce a verdict or deny appellant a right to a hung jury. Evidence was sufficient to sustain his convictions and he was not denied effective assistance of counsel.

Affirmed as modified.