STATE of Minnesota, Respondent,

v.

Douglas E. PETERSON, Appellant.

No. C8–85–458.

Court of Appeals of Minnesota.

Oct. 22, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Considered, and decided by POPOVICH, C.J., and WOZNIAK, and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Douglas E. Peterson was convicted of receiving stolen goods in violation of Minn.Stat. §§ 609.53, subd. 1(1) and 609.-05 (1984). On appeal, he contends that the evidence was insufficient to sustain his conviction, that the jury was improperly instructed and that the prosecutor committed misconduct in his closing argument. We affirm.

## FACTS

At about 2 a.m. on September 17, 1984, an attempted burglary occurred at St. Philip's Catholic Church at 2507 Bryant Avenue North in Minneapolis. Father Jerome Janski saw two males run from the church and drive away in an old red and white Dodge. Father Janski recognized the car as one he had seen parked in the same location several times in the past few months. Father Janski called the police at about 8:30 a.m. At that time the same red and white car was in the same location. However, when a squad car pulled up to the church, the car disappeared. The officer obtained a description of the car and the suspects.

At about 11 a.m., Officer Phillip Hogquist returned to 25th and Bryant and saw a red and white car parked on the street in front of the house in which Peterson lived. Hogquist observed Peterson standing at the rear of the car unloading clothing from the open trunk and placing the clothes on the boulevard. As Hogquist approached the car, he observed silverware, currency and coins strewn throughout the trunk. When Hogquist searched the car, he found Greg True sitting on the passenger side of the car. Two Blaine State Bank bags and a six-inch hunting knife were found at True's feet. While awaiting backup help, Hogquist searched the bank bags and discovered coins, jewelry, cash and silver certificates. These items were later identified as property stolen from a residence in Blaine between 6:30

a.m.–3:45 p.m. on September 17. At some point, Peterson told Hogquist that the car was his sister's but that he was driving it.

Peterson was convicted of receiving stolen property in excess of $1,000. He was sentenced to fifty-four months imprisonment, the presumptive sentence under the Minnesota Sentencing Guidelines.

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction for receiving stolen property?

2. Did the trial court err in its jury instructions?

3. Did the prosecutor commit reversible prosecutorial misconduct?

## ANALYSIS

### I.

Peterson claims that the evidence was insufficient to prove he was guilty of receiving stolen property.

In proving Peterson possessed the stolen property, the State had to show either actual or constructive possession. To show constructive possession, the kind of possession involved in this case, the State had to prove: (1) that the police found the property in a place under the appellant's exclusive control to which other people did not normally have access or (2) that, if found in a place to which others had access, there is a strong probability (inferable from other evidence) that appellant was at the time consciously exercising dominion and control over it. *State v. Florine*, 303 Minn. 103, 104–05, 226 N.W.2d 609, 610–11 (1975).

Here, the property was found in a car in front of Peterson's house. Peterson admitted driving the car. Another person was found sitting on the passenger side of the car. Peterson was seen removing personal property from the trunk. Stolen property consisting of coins, cash, silverware and jewelry was strewn throughout the trunk with Peterson's clothes. These facts support the jury's finding of constructive possession.

Peterson also claims the evidence was insufficient to show he had the requisite knowledge that the property was stolen. Knowledge that the property was stolen may be proven by circumstantial evidence. *State v. Carter*, 293 Minn. 102, 104–105, 196 N.W.2d 607, 609 (1972). Unexplained possession of property recently stolen is sufficient to support a conclusion that an accused knew the property was stolen. *State v. Wiberg*, 296 N.W.2d 388, 397 (Minn.1980). Here, the property was found under circumstances in which the jury could reasonably infer that Peterson knew the property was stolen. The property, stolen only four hours earlier (at most) was strewn among Peterson's clothes in the trunk. As the prosecutor argued to the jury:

> You tell me who travels around in an automobile with silverware, tableware like knives, forks and spoons, just strewn in the trunk. Who does that kind of thing? * * * Who travels around in a car with coins and currency strewn in a trunk? Well, people who put it there hastily may be a kind way to respond to my own question. People who put it there hastily and carelessly for a reason.

Finally, Peterson suggests that the evidence was insufficient to show that he was an aider and abettor of True under Minn.Stat. § 609.05. We disagree. The evidence was clearly sufficient to support a conclusion that Peterson played at least some knowing role in the commission of the crime. *State v. Strimling*, 265 N.W.2d 423, 429 (Minn.1978). Here, the property was found in a car which Peterson drove. The car was parked in front of his home and the accomplice True was found in the passenger seat with the stolen Blaine State Bank bags and a large knife on the floor of the front seat. The attempted burglary of St. Philip's was additional supporting circumstantial evidence that Peterson and True were active participants in the offense.

Viewing the evidence in the light most favorable to the State, a jury could

reasonably conclude that Peterson was guilty. The reasonable inferences from the evidence are consistent only with Peterson's guilt and inconsistent with any rational hypothesis except guilt, and thus, a conviction based on circumstantial evidence is allowed. *State v. Linder,* 304 N.W.2d 902, 906 (Minn.1981) (quoting *State v. Morgan,* 290 Minn. 558, 561, 188 N.W.2d 917, 919 (1971)).

## II.

Peterson claims that the trial court's instructions improperly relieved the State of its burden of proof.

■ Peterson did not object to the claimed errors and thus, absent any error of fundamental law or controlling principle, the issues raised are forfeited on appeal. *State v. LaForge,* 347 N.W.2d 247, 251 (Minn.1984); *State v. Jensen,* 373 N.W.2d 364 (Minn.Ct.App.1985); Minn.R.Crim.P. 26.03, subd. 18(3).

■ The trial court instructed the jury that the State must prove that "defendant must have known or had reason to know the property to have been stolen." This instruction is consistent with Minn.Stat. § 609.53, subd. 1 and CRIMJIG 16.22 and 16.23. Minnesota District Judges Association, Minnesota Practice, CRIMJIG 16.22 and 16.23 (Supp.1984). We do not believe this instruction unconstitutionally diluted the State's burden of proving Peterson's intent beyond a reasonable doubt.

In its instruction on possession, the trial court instructed the jury:

> If the property is found in a place to which others had access, *it's inferred* from other evidence that the defendant was at the time consciously exercising dominion and control over it.

Later, in response to the jury's question "What constitutes possession and receiving?", the trial court stated "If the property is found in a place which others had access, *it can be inferred* from other evidence * * *."

■ Peterson argues that the language the trial court used in its first instruction

constituted an impermissible mandatory presumption rather than a permissible inference. *County Court of Ulster County v. Allen,* 442 U.S. 140, 159–160, 99 S.Ct. 2213, 2226, 60 L.Ed.2d 777 (1979). *See Francis v. Franklin,* —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). Viewing the instructions as a whole, we believe that no prejudicial error occurred, given Peterson's failure to object and the fact that the proper charge was later given in response to the jury's question.

## III.

■ Peterson contends that the prosecutor committed prejudicial misconduct in his closing argument when he recognized that there was no evidence that Peterson participated in the burglary of the Blaine residence and when he commented upon the credibility of a defense alibi witness and Peterson's possible motives for calling that witness. We cannot agree. No objection was made to any of these statements. *State v. Brown,* 348 N.W.2d 743, 747 (Minn.1984); *State v. Rose,* 353 N.W.2d 565, 570 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Sept. 12, 1984). Any misconduct which occurred can not be deemed egregious. Also, the jury was properly instructed that counsel's final arguments are not evidence. Finally, the evidence of Peterson's guilt was more than adequate. He is not entitled to a new trial. *See State v. Ture,* 353 N.W.2d 502, 516–17 (Minn. 1984); *State v. Caron,* 300 Minn. 123, 218 N.W.2d 197 (1974).

## DECISION

The evidence was sufficient to convict appellant of receiving stolen property in excess of $1,000 and appellant was not denied a fair trial by allegedly improper jury instructions or prosecutorial misconduct.

Affirmed.