**STATE of Minnesota, Respondent,**

v.

**Gregory A. TRUE, Appellant.**

**No. C9–85–758.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty. Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

Anne Lewis, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Gregory True was convicted of receiving stolen goods in violation of Minn. Stat. § 609.53, subd. 1(1), (1984). On appeal he contends the prosecutor improperly referred to his prior criminal record, that the trial court improperly coerced a verdict denying him his right to a hung jury and that the trial court erred in its instructions. He also contends the evidence was insufficient to sustain his conviction. We affirm.

## FACTS

At about 2 a.m. on September 17, 1984 an attempted burglary occurred at St. Philips Catholic Church in Minneapolis. Father Jerome Janski saw two males run from the church and drive away in an old red and white Dodge, which Janski had seen parked in the same location several times in past few months. About 9 a.m. the police were called by Father Janski and the same red and white car was in the same location; however, when a squad car pulled up to the church the car disappeared. The officer obtained a description of the car and suspects. Around 11 a.m. an officer returned to the church and saw a red and white car parked on the street, in front of the house in which Douglas Peterson lived. Peterson was standing at the rear of the car unloading clothing from the open trunk and placing the clothes on the boulevard. As the officer approached, he observed silverware, currency and coins strewn throughout the trunk. About ten minutes later, the officer noticed True in the front passenger seat of the car with two Blaine State Bank bags and a six inch hunting knife at his feet. Hogquist asked him to step out. Inside the bank bags were coins, jewelry, cash and silver certificates. Cash was found in the backseat on the passenger side stuck between the seat and the frame of the car and underneath the front passenger seat. This was property stolen from a home in Blaine between 6:30 a.m. to 3:45 p.m. on September 17. True's sister was the registered owner of the red and white car. On September 19 True called Sargeant John Broderick claiming the $300 found under the passenger seat of the car and asked for release of the money and the car to him.

True did not testify at his trial. He was convicted of receiving stolen property and sentenced to an executed term of 68 months, the presumptive Minnesota Sentencing Guidelines sentence for a severity level VI offense and criminal history score of more than 6.

## ISSUES

1. Did the prosecutor improperly inquire about appellant's prior criminal record?

2. Did the trial court improperly coerce the verdict in its comments and instructions?

3. Were the jury instructions improper?

4. Was the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

### I.

During the State's direct examination of Sargeant Broderick concerning a phone call made by True, the following occurred:

Q: What else did you and the defendant talk about during that phone call?

A: I asked about his record, whether he had a record.

MR. SHIAH [defense counsel]: I would object to this as irrelevant.

THE COURT: I don't know that this has any bearing on the particular case. Objection sustained.

Q: Sir, aside from any background information about the defendant did you have any conversation with him regarding the car?

A: At that time, yes, I did.

\*     \*     \*     \*     \*     \*

■ True claims this amounted to an improper reference to his criminal record requiring reversal. We disagree. The officer was merely responding to a general question by the prosecutor which, by its form, could not be characterized as an intentional elicitation of improper information. There was no testimony of a prior record. *See State v. Haglund*, 267 N.W.2d 503, 506 (Minn.1978). It is unlikely this response played a significant role in persuading the jury to convict. *State v. Loebach*, 310 N.W.2d 58, 64 (Minn.1981).

### II.

True complains of certain comments by the trial court at the close of the State's case, before instructions and during in-

structions. True never objected. At the close of the State's case, the court stated:

THE COURT: Thank you officer. You can step back. We will recess at this time until 9:00 o'clock tomorrow morning. Once again please don't talk to anyone about the case overnight. There is a possible chance that this case may go to the jury tomorrow afternoon. *In a criminal case such as this when a case does go to the jury then the jury is kept segregated until the verdict is reached. In other words, if the case should go to you tomorrow afternoon you would be kept together until the verdict was reached which might require you to be here at a hotel tomorrow night at the County's expense. Of course, the Court would pay for your meals until the verdict was arrived at.*

■ Prior to instruction the court stated, "as I said last night this will be your last communication with the outside world until the verdict is reached in this case * * *." As we said in *State v. Vann*, 372 N.W.2d 750, 753 (Minn. Ct.App.1985), "Comments alerting the jury to the possibility of sequestration are quite common in criminal trials and necessary so that jurors can make personal arrangements." We do not find these comments reversible error as they are not coercive or prejudicial.

■ The remaining statements of the court such as "you have got to come up with your verdict based on the evidence that you heard in court" or "that verdict should not be a verdict of one of you who dominates the jury. It shouldn't be a verdict of six or seven or eight of you * * * it must be a unanimous verdict" merely explained the jury's role and are not improper comments.

### III.

■ True objects to the instruction that the State must prove "the defendant knew or had reason to know that the property was stolen." As we indicated in *State v. Peterson*, 375 N.W.2d 93 (Minn.Ct.App. 1985.) "This instruction is consistent with Minn. Stat. § 609.53, subd. 1 and CRIMJIG

16.22 and 16.23 * * *. We do not believe this instruction unconstitutionally diluted the State's burden of proving [defendant's] intent beyond a reasonable doubt."

### IV.

■ Viewing the evidence in the light most favorable to the State, the reasonable inferences from the evidence are consistent only with True's guilt and inconsistent with any rational hypothesis except guilt. *State v. Linder*, 304 N.W.2d 902, 906 (Minn. 1981). The State proved to the obvious satisfaction of the jury that True was in constructive possession of the stolen Blaine bank bags lying at his feet and $300 in stolen cash underneath his car seat which True later claimed as his. The car was registered to his sister who admitted True had used the car in September. True was the one who requested return of the car after it was impounded and admitted he let others drive it and was selling it to Douglas Peterson. This evidence of dominion and control is sufficient. *See State v. Florine*, 303 Minn. 103, 104–05, 226 N.W.2d 609, 610–11 (1975); *State v. Wiley*, 366 N.W.2d 265 (Minn.1985); *State v. Cusick*, 372 N.W.2d 424 (Minn.Ct.App.1985).

■ True also claims the evidence was insufficient to show he had the requisite knowledge that the property was stolen.

Knowledge that the property was stolen may be proven by circumstantial evidence. *State v. Carter*, 293 Minn. 102, 104–105, 196 N.W.2d 607, 609 (1972). Unexplained possession of property recently stolen is sufficient to support a conclusion that defendant knew the property was stolen. *State v. Wiberg*, 296 N.W.2d 388, 397 (Minn.1980); *State v. Peterson*, 375 N.W.2d 93 (Minn. Ct.App.1985.).

Here the property was found in circumstances in which the jury could reasonably infer that True knew the property was stolen. The property, stolen only four hours earlier (at the most) was found lying at True's feet next to a large knife and stuffed underneath his car seat in his sister's car which he had driven in September

and was in fact selling to Peterson. The jury could have concluded True was more than a mere passenger; the attempted burglary at St. Philips was additional circumstantial evidence that True was not an innocent caught with stolen property.

## DECISION

The State did not elicit an improper reference to appellant's criminal record. The trial court's comments to the jury at the close of the State's case and before instructions did not coerce a verdict. The trial court's instruction on receiving stolen property was consistent with the statute and the evidence was sufficient to sustain appellant's conviction for receiving stolen property.

Affirmed.