*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0898**

State of Minnesota,
Respondent,

vs.

Rustin Kent Hartland,
Appellant.

**Filed April 25, 2016
Affirmed
Schellhas, Judge**

St. Louis County District Court
File No. 69VI-CR-13-1842

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and

Mark Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Renée Bergeron, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Johnson, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

A jury found appellant guilty of receiving stolen property, theft of a motor vehicle, driving after license cancellation, and two counts of first-degree driving while impaired

(DWI). Appellant argues that the district court abused its discretion by permitting respondent to amend the complaint to add charges on the day before trial began, that he received ineffective assistance of counsel, and that the evidence presented during trial was insufficient to prove his guilt of theft of a motor vehicle. We affirm.

## FACTS

The roads were snow covered and the temperature was between zero and minus ten degrees Fahrenheit while a St. Louis County Sheriff's Deputy was on routine patrol near Vermilion Lake Township on December 16, 2013. The deputy came upon fresh tire tracks leaving the highway, observed a tailgate of a pickup truck in the ditch, and then saw a man walking along the side of the highway away from the truck in the ditch. The deputy parked, activated his squad car's emergency lights, exited his squad car, and attempted to locate the man. Following footprints in the snow that led from the highway into the ditch, the deputy found a single boot. Continuing his search, the deputy thought he heard someone running through the woods, commanded the person to stop, and eventually found the man, who was missing a boot, was not wearing a hat or gloves, and had a fresh bump on his forehead. The deputy recognized the man as appellant Rustin Kent Hartland. The deputy placed Hartland in handcuffs and discovered a bottle of liquor inside his sleeve. Hartland told the deputy that he had been kicked out of a vehicle by his girlfriend and had walked to his location from Virginia, Minnesota, a town 20 to 25 miles away. He denied driving the truck that was in the ditch but stated that he had stopped and checked on the truck while walking along the highway. Hartland smelled strongly of an alcoholic beverage and admitted to drinking "[a] few beers."

2

Investigation of the truck in the ditch revealed that the passenger-side door was open with a single set of footprints in the snow leading around the truck and then toward the highway. No footprints led from the highway to the truck. A rear passenger-side window was broken, and the windshield was cracked. The truck's engine was not running, but the key was in the ignition and the interior was warm enough to cause snow on the windshield to melt. The truck contained two brown paper bags like the kind used for glass bottles in a liquor store. The truck had been reported stolen approximately three weeks earlier. Hartland was transported to the St. Louis County Sheriff's Office, where he cooperated with field sobriety testing and was read the implied-consent advisory. He agreed to submit to a breath test, which revealed an alcohol concentration of 0.18.

On December 18, 2013, respondent State of Minnesota charged Hartland with driving after license cancellation, fleeing a peace officer, and two counts of first-degree DWI. On January 26, 2015, the day before trial began, the state moved to amend the complaint to add charges of receiving stolen property and theft of a motor vehicle. Over defense counsel's objection, the district court granted the state's motion to amend but permitted the defense to move to dismiss charges and argue prejudice either at the close of the state's case or at the close of trial. The state also moved to exclude evidence that when the deputy located Hartland on December 16, 2013, he told the deputy that he ran because he had "a [department of corrections] warrant." The court denied the motion.

On the first day of trial, the state dismissed the charge of fleeing a peace officer. The defense never renewed its opposition to the amended complaint, nor did the defense

offer any evidence regarding Hartland's explanation about why he ran from the deputy at the scene of his arrest. A jury found Hartland guilty of the charged offenses.

This appeal follows.

**D E C I S I O N**

**I.**

Hartland argues that the district court abused its discretion by permitting the state to amend the complaint because the state's motion was untimely, the motion did not conform to the rules of criminal procedure, and the motion violated Hartland's substantial rights, including his right to due process of law. "[A] district court retains broad discretion over how a case proceeds once it is filed." *State v. Baxter*, 686 N.W.2d 846, 852 (Minn. App. 2004) (citing *State v. Johnson*, 514 N.W.2d 551, 556 (Minn. 1994)). "This includes the power to grant or deny a prosecutor's request to amend the complaint." *Id.* (citing *Johnson*, 514 N.W.2d at 556). A district court's decision on a motion to amend the complaint "will not be reversed absent a clear abuse of that discretion." *Id.* at 850 (citing *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993)). "The inquiry into whether a court should grant or deny such a motion is factual and case specific." *Id.* at 852.

> Pretrial proceedings may be continued to permit a new complaint to be filed . . . if the prosecutor promptly moves for a continuance on the ground that:
> (a) the initial complaint does not properly name or describe the defendant or the offense charged; or
> (b) the evidence presented establishes probable cause to believe that the defendant has committed a different offense from that charged in the complaint, and the prosecutor intends to charge the defendant with that offense.

4

Minn. R. Crim. P. 3.04, subd. 2. "Under Minn. R. Crim. P. 3.04, subd. 2, the trial court is relatively free to permit amendments to charge additional offenses before trial is commenced, provided the trial court allows continuances where needed." *State v. Bluhm*, 460 N.W.2d 22, 24 (Minn. 1990).

Hartland argues that the district court failed to comply with Minn. R. Crim. P. 3.04, subd. 2, because the provision permits amendment of a complaint to add charges only if new evidence is discovered. Here, Hartland argues, the state knew from the beginning of the investigation that the truck had been reported stolen. But the rule does not require the discovery of new evidence before an amendment is permitted.

Hartland contends that he lacked adequate notice and an opportunity to investigate the new charges because the state violated Minn. R. Crim. P. 3.04, subd. 2, by failing to request a continuance of the trial and the district court erred by not ordering a continuance sua sponte. Indeed, the supreme court has stated that the rule permits amendment of a complaint to add charges before trial commences "provided the trial court allows continuances *where needed*." *Id.* (emphasis added). Hartland asserts that the lack of a continuance denied his right to due process of law. *See State v. Kendell*, 723 N.W.2d 597, 611 (Minn. 2006) (stating that criminal defendant has right to notice of charges under "due process notice requirement"); *McCollum v. State*, 640 N.W.2d 610, 618 (Minn. 2002) (stating that criminal defendant has due process right "to be treated with fundamental fairness and afforded a meaningful opportunity to present a complete defense" (quotations omitted)); *see also State v. Gisege*, 561 N.W.2d 152, 157 (Minn. 1997) ("The purpose of restricting the prosecution to the charges included in either the complaint or indictment is

5

to provide the defendant with notice and an opportunity to prepare his or her defense." (emphasis omitted)).

But, here, Hartland acknowledges that he did not request a continuance. And during the pretrial hearing, defense counsel acknowledged that she knew of the possibility of new charges and that the truck's owner was listed on the state's witness list. Although defense counsel noted that she had not investigated the new charges, she stated that she "d[id]n't know that [the new charges were] going to change [Hartland's] stance" given that Hartland maintained that he had no contact with the truck. Hartland's defense during trial was that the state could not prove that he was driving or in any way associated with the truck. He does not explain on appeal how his defense may have been different had the new charges been added earlier or omitted. The district court gave the defense the opportunity to move to dismiss charges after the presentation of evidence and to argue that the new charges had caused prejudice, and the defense did not avail itself of that opportunity. We conclude that the district court did not abuse its broad discretion by permitting the state to amend the complaint.

## II.

Hartland argues that defense counsel provided ineffective representation. "To satisfy a claim of ineffective assistance of counsel, (1) the defendant must prove that counsel's representation fell below an objective standard of reasonableness; and (2) the defendant must prove there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Taylor*, 869 N.W.2d 1, 21 (Minn. 2015) (quotation omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96,

6

104 S. Ct. 2052, 2064–69 (1984)). "The objective standard of reasonableness is defined as representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *State v. Vang*, 847 N.W.2d 248, 266–67 (Minn. 2014) (quotations omitted) (stating that "[t]rial counsel's performance is presumed to be reasonable"). "A reasonable probability means a probability sufficient to undermine confidence in the outcome." *Dereje v. State*, 837 N.W.2d 714, 721 (Minn. 2013) (quotations omitted). An appellate court "may analyze the *Strickland* requirements in either order and may dispose of a claim on one prong without considering the other." *Lussier v. State*, 853 N.W.2d 149, 154 (Minn. 2014).

*Failure to offer evidence*

Hartland contends that he received ineffective representation because defense counsel failed to elicit evidence that he ran from the deputy because he had an active warrant. "Generally, [an appellate court] will not review an ineffective-assistance-of-counsel claim that is based on trial strategy," and trial strategy includes "the selection of evidence presented to the jury." *Vang*, 847 N.W.2d at 267. But Hartland claims that defense counsel's failure was the result of inattention rather than the result of a strategic decision. Minnesota courts have reviewed ineffective-assistance-of-counsel claims where defendants argued that they received deficient representation due to attorney inattentiveness. *See, e.g.*, *State v. Nicks*, 831 N.W.2d 493, 505–11 (Minn. 2013) (concluding that defendant was entitled to postconviction evidentiary hearing on claim that he received ineffective assistance due to attorney's inattention during trial preparation); *Jama v. State*, 756 N.W.2d 107, 114–15 (Minn. App. 2008) (reviewing whether attorney

exhibited inattentiveness or indifference during jury selection that constituted ineffective assistance).

After the presentation of evidence and outside of the presence of the jury, the prosecutor stated that "[a]t this stage there is no evidence within the record in regards to [Hartland] having a [department of corrections] warrant" and "that testimony was not elicited at any point during [the deputy]'s testimony." The prosecutor asked that the district court and defense counsel refrain from making a comment about the warrant to avoid the prosecutor's objection in the presence of the jury. This colloquy followed:

> DEFENSE COUNSEL: Okay. So it wasn't referred [to] in the testimony? I guess I wasn't—he didn't mention that during his direct testimony about a [department of corrections] hold?
> THE COURT: That's my recollection also. I was listening to that, and so it was never testified to.
> DEFENSE COUNSEL: Okay.
> THE COURT: And so the jury isn't aware of the fact in terms of any evidence that Mr. Hartland had a warrant out for him if that was the case.
> DEFENSE COUNSEL: No objection.

Hartland maintains that this colloquy establishes that defense counsel was "startled" that evidence of an active warrant or hold was not presented. But Hartland has not established that the defense intended to elicit evidence that he had a warrant. Defense counsel acknowledged during the pretrial hearing that the department of corrections "hold is probably—it is prejudicial," and she did not mention a warrant or hold during her opening statement. Defense counsel did not object to the prosecutor's request after the presentation of evidence that she refrain from referencing a warrant or hold, nor did she seek to reopen the defense's case or recall a witness.

8

Even if the failure to elicit evidence of an active warrant or hold was not part of defense counsel's trial strategy, Hartland has not established a reasonable probability that the jury's verdict would have been different had such evidence been admitted. The state presented strong evidence that Hartland ran to avoid detection for driving the stolen truck while under the influence of alcohol.

*Failure to request a continuance*

Hartland also contends that he received ineffective assistance of trial counsel because she failed to request a continuance of the trial after the district court permitted the state to amend the complaint the day before trial. But before the court allowed the amendment, defense counsel knew of the possibility of the new charges and that the truck's owner was a possible witness. The new charges did not change the defense's case. Moreover, the court afforded defense counsel the opportunity to argue later that the new charges were prejudicial and therefore should be dismissed. Although defense counsel did not argue for dismissal based on prejudice later in the trial, the lack of evidence of prejudice supports counsel's decision. We conclude that Hartland did not receive ineffective assistance of counsel.

**III.**

Hartland challenges the sufficiency of the evidence for his conviction of theft of a motor vehicle. A person commits theft by "tak[ing] or driv[ing] a motor vehicle without the consent of the owner or an authorized agent of the owner, knowing or having reason to know that the owner or an authorized agent of the owner did not give consent." Minn. Stat. § 609.52, subd. 2(a)(17) (2012).

9

"When evaluating whether the evidence is sufficient, [appellate courts] carefully examine the record to determine whether the facts and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Fox*, 868 N.W.2d 206, 223 (Minn. 2015), *cert. denied*, 136 S. Ct. 509 (2015). The sufficiency of the evidence for a conviction based on circumstantial evidence is reviewed using a two-step test. *Id.* The appellate court first identifies "the circumstances proved" by the evidence, "defer[ring] to the [jury]'s acceptance of the proof of these circumstances and the [jury]'s rejection of evidence in the record that conflicts with the circumstances proved by the State." *Id.* The appellate court then "examine[s] independently the reasonable inferences that might be drawn from the circumstances proved," while "giv[ing] no deference to the [jury]'s choice between reasonable inferences." *Id.* "To sustain a conviction based on circumstantial evidence, the reasonable inferences that can be drawn from the circumstances proved as a whole must be consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of guilt." *Id.*

The circumstances proved by the evidence include that Hartland walked along a highway and then ran through the woods in the vicinity of the truck in the ditch. He claimed that he walked from a town that was approximately 20 to 25 miles away, although it was a cold December evening. When the deputy saw and investigated the truck, the tire tracks leading into the ditch appeared to be fresh, and the truck had a key in the ignition and a warm interior. A single set of footprints in the snow led away from the truck. Hartland had what appeared to be a fresh bump on his forehead. The truck had been reported stolen. The

10

truck's owner testified that the truck was stolen on the day before Thanksgiving in 2013 and that he did not give Hartland permission to drive the truck. These circumstances proved are inconsistent with any reasonable inference except that Hartland was driving the stolen truck when it went into the ditch.

Hartland challenges the sufficiency of the circumstantial evidence to prove that he knew or had reason to know that the truck was stolen. "Knowledge that the property was stolen may be proven by circumstantial evidence." *State v. True*, 378 N.W.2d 45, 48 (Minn. App. 1985) (citing *State v. Carter*, 293 Minn. 102, 104–05, 196 N.W.2d 607, 609 (1972)). "An individual's 'unexplained possession of stolen property within a reasonable time after a . . . theft will in and of itself be sufficient to sustain a conviction.'" *State v. Hager*, 727 N.W.2d 668, 677–78 (Minn. App. 2007) (quoting *State v. Bagley*, 286 Minn. 180, 188, 175 N.W.2d 448, 454 (1970)). We previously concluded that "a time period of approximately three weeks after the theft is not 'unreasonable.'" *State v. Anderson*, 405 N.W.2d 527, 528, 530 (Minn. App. 1987) (determining that evidence was sufficient to permit jury to find defendant guilty of knowingly receiving stolen property and knowingly handling stolen livestock where stolen calves were found in defendant's possession approximately three weeks after theft), *review denied* (Minn. July 22, 1987); *see also Bagley*, 286 Minn. at 184–86, 188, 175 N.W.2d at 452–54 (determining that evidence was sufficient to permit jury to find defendant intended to permanently deprive owner of stolen property where items stolen in August and November were found in defendant's possession in December).

In this case, the record contains no explanation about why Hartland was in possession of the truck approximately three weeks after it was stolen. But we conclude that

11

the evidence that is in the record permits only the reasonable inference that Hartland knew or had reason to know that the truck he drove was stolen. We therefore affirm Hartland's conviction of theft of a motor vehicle as supported by sufficient evidence of guilt.

**Affirmed.**